Though a judgment, strictly speaking, is not negotiable, it may be defacto assigned, and such assignment will give an interest to the assignee which the law will take notice of, and protect against the acts of the assignor. This was decided some years ago, in McDaniel v. Tate, at Morganton.
There was a verdict and judgment for Smith, whose name was used by Barkesdale, the assignee.
NOTE BY REPORTER — The case of McDaniel v. Tate was thus: McDaniel had sold a negro to Tate, and had taken a bond for tobacco, which he assigned to Wier, who sued Tate in the name of McDaniel, in the county court of Burke. Tate attempted to defend himself by proving the negro to have been unsound. There was a verdict in the county court, and the cause came up by appeal to the Superior Court, and depended in that court for trial. Tate had full knowledge of the assignment to Wier, and had conversed with him on the subject at different times, as the proprietor of the bond. Tate, however, prevailed upon McDaniel to give him a release, and gave him a (453) considerable reward for it, and by his attorney, Mr. Avery, pleaded it since the last continuance. At the trial it was insisted by the plaintiff's counsel, and so ruled by the Court, that all the former pleas were waived by this plea since the last continuance. The plaintiff's counsel then insisted that this was a fraudulent transaction between McDaniel, the nominal plaintiff, and the defendant, to defraud Wier, who had such an interest as the law at this day will take notice of, though it was otherwise held *Page 357 
formerly, and cited 1 Term Rep., 619, Winch v. Keeby. And upon this, the Court charged the jury to find for the plaintiff, which they did. A new trial was moved for, and a rule to show cause obtained and enlarged to the next term, when the matter of law was argued before ASHE and MACAY, JJ., who decided the directions were right, but Avery alleging he had been taken by surprise, they offered him a new trial for that cause, if he would pay the costs up to that time, which being considerable, and he having filed a bill in equity for relief, he refused to accept of the new trial upon those terms, and there was judgment for the plaintiff.
Cited: Hogg v. Ashe, post, 480; Ricaud v. Aldermen, 132 N.C. 64.