Peaks ON, J.
 

 Our jurisdiction in regard to amendlnents in the Court below, is confined to tlie question of power ; with its discretion in the exercise of the power, supposing the Court below to have it, we have no concern.
 

 The subject may be divided into three classes : 1. Every Court has ample power to permit amendments in the process and pleadings of any suit
 
 pending before it. Quiett
 
 v.
 
 Boon, 5
 
 Ire. 9. 2. Every Court of record has ample power,
 
 after a suit is determined,
 
 to amend its own record, that is, the journal or memorial of its own proceedings, kept by the Court or its clerk, by inserting what has been omitted, or striking out what may have been erroneously entered ; for every Court of record is entrusted with the very responsible duty of keeping it faithfully and making it speak the truth, as it imposts absolute verity, arid cannot be collaterally called in question ; and the record, so amended, stands as if it never had been defective.
 
 Galloway
 
 v.
 
 McKeithen,
 
 5 Ire., 12. 3. The power of a Court to allow amendments,
 
 after the determination of a suit,
 
 in the process or returns made to it by ministerial officers, is much more restricted and qualified, for the reason, among others, that the Court is not in such cases
 
 *383
 
 presumed to act upon its own knowledge, but upon information derived from others. The case now under consideration falls within this class of amendments ; and it may be subdivided into three heads: (1.) .Where the amendment is for the purpose of correcting a mere oversight of an officer in not making an entiy, such as he ought to have made as a matter of course, and as a part of his duty according to law, the Court has power to allow the amendment, notwithstanding third persons may be thereby affected;
 
 e. g.,
 
 if a clerk, in sending an execution to another county omits to affix the seal, or a deputy sheriff, in making a return, signs his own name but omits to sign the name of the high sheriff.
 
 Bender
 
 v.
 
 Askew,
 
 3 Dev., 149.
 
 Purcell
 
 v.
 
 Mc Farland,
 
 1 Ire., 34. (2.) Where the amendment is for the purpose of making the process different in substance from what it was when it issued, the Court has no power to allow the amendment, if the rights of third persons will be thereby affected
 
 :
 
 — e.
 
 g.,
 
 if a
 
 fieri facias
 
 issues, and a motion is afterwards made to amend it, so as to convert it into an
 
 alias
 
 and give it relation back ; or, if a
 
 fi.f
 
 oKfeoes not conform to the judgment, and the object of the amendment is to make it conform.
 
 Cape Fear Bank
 
 v.
 
 Williamson,
 
 3 Ire.; 147. 4 Maul & Selwyn, 328. This principle applies to the present case, because Samuel Higdon alleges that he is a purchaser for value, and is a third person who will be affected by the amendment, the object of which is to make the return of the constable different in substance from what it was when made. We will not put our decision on this ground, however, because the other defendant was a party to the original proceeding, and the case clearly falls under the third head. (3.) Where the amendment will evade or defeat the operation of a statute, the Court has no power to allow it. This is clear ; for no Court has the power of nullifying a statute. By way of illustration, the statute requires tha^a levy should describe land in a particular wa3>-, for the purpose of informing the defendant in the execution, and all who may wish to become purchasers, what land the sheriff is to sell: — If a levy is not sufficient, and a sale under it is made good by an amendment of the levy, the effect is to defeat the operation and purposes of the statute, and to allow land to be sold without the safeguards which the Legislature has
 
 *384
 
 provided against surprise and fraud. It might happen that a defendant in an execution, who from the levy,
 
 “
 
 land lying on Carny Fork,” was under the impression that some out tract of his was to be sold, might, after the sale, find himself deprived of his “home place,” under the power of the Court to allow the constable to amend his levy by adding the
 
 words
 
 — “ being the tract of land lying on the forks of the said creek, on which the defendant now resides. ”
 

 The judgment must be reversed and the rule discharged, and judgment against the plaintiff for costs.
 

 Per Curiam, Judgment reversed and the rule discharged.