Battle, J.
 

 It cannot be denied that every court of record has the power to amend its own record, at any time, by inserting what has been omitted, or striking out what has been erroneously inserted, so as to make it speak the exact truth in relation to its own proceedings;
 
 Phillipse
 
 v. Higdon, Bus. Rep. 380 ;
 
 Pendleton
 
 v. Pendleton, 2 Jones’ Rep. 135 ;
 
 Mayo
 
 v. Whitson, Ibid. 231. This is an important power, which it is the duty of every court to exercise upon every occasion which requires it, because every record imports absolute verity, and no person can allege or prove anything to the contrary. In the exercise of this power, the Court may act upon such testimony as may bo satisfactory to it, and upon an appeal from its action, this Court is confined to the question, whether it liad the power, and cannot enquire how it has exorcised it;
 
 Pendleton
 
 v. Pendleton, and
 
 Mayo
 
 v. Whitson,
 
 ubi supra.
 
 These propositions are not denied by the defendant’s counsel, but lie contends that the matter, which the County Court ordered to be spread upon its record by way of amendment, was matter of private agreement between the parties to the suit, which they never authorised to be entered of record, and that, therefore, the Court had no
 
 power
 
 to order it to be inserted as an amendment. The argument is founded upon ■a misapprehension of what the County Court did undertake to do, which was to have entered upon the record,
 
 the whole of what the parties agreed should be so entered.
 
 In showing this, the Court called to its aid the testimony of John W. Norwood, esq., the counsel of one of the parties to the cause, and ordered the record to be amended, only so far as that testimony satisfied it of the truth of what the parties agreed should be entered. The Court had power, undoubtedly, to hear the testimony and to decide what it proved, and with its
 
 *315
 
 decision we bave no right to interefere ; but if we had, we cannot say that we should have come to a different conclusion upon the effect of the testimony.
 

 Pee CubiaM, The judgment of the Court below, is affirmed.