(164) The plaintiffs after notice, moved that the Sheriff of Duplin county be permitted to amend his returns on certain writs offieri facias and ven, exponas, which had heretofore issued at the instance of the plaintiffs against the defendant, and under which a sale had been made. The amendment moved for consisted in striking out the figures "950" and inserting in lieu thereof "1,800" in the description of the land levied and sold, alleging that by so doing the record would be made to speak the truth.
His Honor refused the motion, on the ground of a want of power in the Court to make such amendments. From the judgment of his Honor refusing the motion, the plaintiffs appealed.
A Court has ample power to amend the process and pleadings in any suit pending before it; and also to amend its own record, kept by the Court or Clerk after a suit is determined. But "the power of a Court to allow amendments after the determination of a suit, in the process or returns made to it by ministerial officers, is much more restricted and qualified for the reason, among others, that the Court is not in such cases presumed to act upon its own knowledge, but upon information derived from others."Phillipse v. Higdon, 44 N.C. 380.
The record before us is very brief and unsatisfactory; but it appears that the plaintiff, after a delay of three years, seeks, by parol evidence, to make a substantial charge in the levy upon the lands of the defendant by which he will be made to part title with 1,800 acres of land, instead of 950 acres.
The bare statement of the proposition is sufficient to show the wisdom of the rule which restrains Courts from amending returns made by ministerial officers, when substantial rights would be thereby effected; and not for the purpose of correcting a mere oversight of an (165) officer, in which latter case the power is conceded. *Page 139 
The defendant may have been content to part with 950 acres of his land at the price bid by the plaintiff, and on the other hand the bidders may have been willing to give twice as much, or more, if it had been understood that 1,800 acres were offered for sale instead of 950 acres.
A levy should describe land in such a manner as to notify the defendant and the world of all that it is proposed to sell; and it shocks the sense of justice to take from the defendant, by an amendment of an execution, after a delay of three years, almost twice as much land as he supposed was passing by the sale.
PER CURIAM. The judgment of the Superior Court is affirmed.