D. BEAM et al. v. S. WILEY BRIDGERS et al.

*Judgment—Amendment of the Record—Res Judicata—Motion to Correct a Judgment—Appeal.*

1. The Superior Court has power to correct and amend its judgments so as to make them express fully and plainly the rights of the parties. as ascertained in the trial of the cause, and appeal lies to the Supreme Court from a refusal to make such correction,

2. When, upon a motion to correct a judgment which had been carried by appeal to the Supreme Court, it appeared that such judgment was not according to the admitted rights of the parties, and the Court below refused the motion, on the ground that such judgment was *res judicata*: it was *Held*, that there was error.

This was a MOTION, heard by *Bynum, J.*, at the Spring Term, 1892, of RUTHERFORD Superior Court. The facts may be gathered from the opinion.

*Messrs. Justice & Justice* (by brief), for plaintiffs.
*Mr. J. A. Forney* (by brief), for defendants.

BURWELL, J.: This cause was before the Court at February Term, 1891, (108 N. C., 276), upon an appeal by the plaintiffs. from a judgment rendered by his Honor (Brown, J.) at Fall Term, 1890, of the Superior Court of Rutherford County, upon the verdict of the jury upon issues submitted to them by consent of the parties, as appears from an inspection of the record of that appeal. The case was heard here, and the judgment was affirmed.

Before the Spring Term, 1892, of the Superior Court of Rutherford County, the defendants notified the plaintiffs that at that term a motion would be made "to correct the judgment rendered against the defendants at Fall Term, 1890," said judgment being that one from which plaintiffs had appealed, and which had been affirmed by this Court, as

above stated. It appears from the transcript sent up that the motion really made before his Honor Bynum, J., was "to set aside the verdict of the jury and to amend the judgment." The motion was overruled, and it was "adjudged that the decision and judgment of the Supreme Court, filed in this action, is the judgment of this Court." From this judgment, and from the refusal of his Honor to grant the motion above set out, the defendants appealed.

It appears from the pleadings that a part of the controversy between the parties related to a tract of land of one hundred and fifty acres, of which, as the complaint alleged, the plaintiffs owned *six-sevenths*, and the defendants *one-seventh*. The answer denied that the plaintiffs owned any part of this tract, and averred that the deed to plaintiffs' ancestor, under which they claimed six sevenths thereof, was made to him by mistake, and that it was the intention of the grantor to convey, not to plaintiffs' ancestor John Beam, but to Elizabeth Beam, under whom the defendants claim, and who, as the complaint alleged, owned one-seventh by inheritance, at the date of the deed to John Beam. The issue relating to this part of the controversy, which was agreed to by the parties, was as follows: "Was the deed from James Bridgers and wife and others, the heirs of James Bridgers, dated September 16, 1844, covering and describing the second one hundred and fifty acre tract described in the complaint, made to John Beam by mistake, as alleged in the answer?" To this issue the jury answered, "No;" and yet, upon these pleadings and this verdict, the Court appears to have adjudged that the plaintiffs owned all of this tract of land, and, if the judgment stands as it is, the defendants, as it appears, will lose the undivided one-seventh part thereof, which, as plaintiffs seem to admit, belongs to them.

We think that his Honor had power to make the record express truly the ruling of the Court and the action taken in the cause, and to hear evidence for the purpose of ascertaining

the facts, and if fully satisfied that the rulings of the former Judge were not correctly put in writing, and that the record does not truly express his judgment on account of some inadvertence—that he meant to adjudge that the plaintiffs owned what they claimed, to-wit, *six-sevenths* of the tract, and that, by some clerical error, he was made to say that plaintiffs own the entire tract—his Honor had power to so amend the judgment at Fall Term, 1890, as to make it speak the truth. *Brooks* v. *Stephens*, 100 N. C., 297, and cases there cited. We think, therefore, that there was error in holding that the matter was *res adjudicata,* and we remand the cause, that the record may be so amended as to make it truly express the judgment of the Court at Fall Term, 1890, if, upon investigation, it is found that there was a mistake made in putting that judgment into writing and on the record.

Error.