RICAUD v. ALDERMAN.

(Filed March 10, 1902.)

1. COURTS—*Records—Judgments.*

> The power is inherent in every court to correct its record so as to speak the truth.

2. FINDINGS OF COURT—*Evidence.*

> The findings of the trial judge before whom a motion is made to correct a judgment are conclusive on appeal, provided there is any evidence to sustain them.

3. JUDGMENTS—*Records—Findings of Court.*

> Where a judgment states that a summons had been served, but the court records show that it had not been served, and the trial judge so finds, the original judgment will be corrected so as to show that the summons was not served.

4. JUDGMENTS—*Assignments—Assignee.*

> The assignee of a judgment for value acquires no greater rights than the assignor had.

ACTION by A. C. Ricaud, receiver of the First National Bank of Wilmington, against Alderman & Flanner, heard by Judge *R. B. Peebles,* at February Term, 1903, of the Superior Court of NEW HANOVER County.

Homer J. Clark, who is referred to in the opinion, was appointed receiver in place of A. G. Ricaud, resigned. E. K. Bryan was counsel for plaintiff in the action from its commencement. He purchased the judgment in question from Homer J. Clark, as receiver, along with other assets of the bank.

From an order setting aside a judgment as to A. J. Flanner individually, the plaintiff appealed.

*E. K. Bryan,* and *Junius Davis,* for the plaintiff.
*Rountree & Carr, J. D. Bellamy,* and *Stevens, Beasley & Weeks,* for the defendant.

CONNOR, J.   This is a motion made by the defendant A. J. Flanner to set aside a judgment rendered at January Term, 1897, of the Superior Court of New Hanover County.   His Honor, upon affidavits, inspection of the record and other competent testimony, found the following facts:

The summons was issued November 3, 1894, against the defendants, Alderman & Flanner, and returned with the following endorsement thereon, "Executed November 3, 1894, on W. H. Alderman.   A. J. Flanner not to be found in county. Received my fees, 60 cents," signed by the Sheriff; that said summons was not served on defendant A. J. Flanner; that no other summons ever issued in said action.   The rough minutes of April Term, 1895, show, in the handwriting of the Deputy Clerk, this entry, "Alias continued."   The bound minute book shows this entry, "Continued."   There was no evidence that any alias was ever issued.   Said action was continued until January Term, 1897, of said Court, when a verified complaint was filed, and at said term judgment was signed by the Judge presiding, containing the following recital: "And it appearing to the Court that the summons in this action was duly served on each of the defendants, etc."   Judgment was rendered that the plaintiff recover of the defendants the sum of $18,527.26, etc.; that when the Judge signed said judgment, he did so inadvertently, not having before him any evidence to sustain the finding of service of summons on the defendant A. J. Flanner.

There was evidence before his Honor in regard to the motion to issue execution, and the petition filed by Alderman & Flanner in bankruptcy, which we deem immaterial.

E. K. Bryan purchased at public sale the judgment from H. J. Clark, who succeeded to the plaintiff's rights; that he purchased at the same time from said Clark other judgments aggregating, with the one in question, about $150,000, for the sum of $59; that said purchase was made at a sale made for

the purpose of closing out the assets of the First National Bank, which was insolvent and in the hands of a receiver.

This motion is properly made, and is a direct attack upon the integrity of the judgment. It is, in fact, a motion to correct the record so that it may speak the truth. This power is inherent in every Court, and its exercise has been so frequently approved by this Court that it would seem unnecessary to cite authorities to sustain it in this case. *Phillipse v. Higdon,* 44 N. C., 380; *Walton v. Pearson,* 85 N. C., 34. The findings of the Judge before whom the motion is made are conclusive upon this Court, provided there be any evidence to sustain them. *Finlayson v. Accident Co.,* 109 N. C., 196. In this case, we think there was ample evidence to sustain his Honor's conclusions of fact. The return on the summons shows clearly that it was not served upon Flanner, and the absence of any other summons or entry on the record would seem to negative the idea of service of any process on him, or any waiver by him thereof. The recital in the judgment makes it, *upon its face,* valid, but it was competent for the defendant, in a direct proceeding, to show that in fact and in truth there had been no service, or, as found by his Honor, was inadvertently made. We can easily understand how it occurred, without the slightest reflection upon counsel or Court. When the record was thus corrected, it showed a judgment without the service of process, or a waiver thereof, and of course should have been set aside.

The purchaser, however, says that, conceding this, he was a purchaser for value of the judgment, and that relying upon the recital in the judgment, in purchasing it, he is protected; that no action now taken by the Court can affect his rights. It is well settled that a judgment is assignable, and that the assignee for value acquires all of the rights and remedies of the original plaintiff. *Smith v. Powell,* 2 N. C., 452 (520);

*Moore v. Nowell,* 94 N. C., 265.   It is equally well settled that he acquires no other rights or superior remedies than his assigner had.   *McJiltor v. Jove,* 13 Ill., 486 ; 54 Am. Dec., 449 ; *Graves v. Woodbury,* 4 Hill (N. Y.) 559 ; 40 Am. Dec., 296 ; Black on Judgments, Sec. 953.

We think it doubtful whether the purchaser of $150,000 of judgments for $59.00 can be said to be a purchaser for value within the meaning of that term, as defined by this court, but it is not necessary to decide this question, as we are of the opinion that he takes the assignment subject to all rights and defences attaching to the judgment against his assignor.   We do not think that there has been such laches on the part of Flanner as to bar him from seeking relief by motion to amend the record.   The court should, and will at any time, correct its records.   It may be, and often is that innocent third persons have acquired rights of property under process or decrees made to enforce the judgment which will be protected by the court.   *Harrison v. Hargrove,* 120 N. C., 96 ; 58 Am. St. Rep., 781 is one of many such cases.   There is no such question presented in this case.   The judgment of his Honor must be

Affirmed.