C. D. HOLTON v. ASA W. LEE.

(Filed 7 March, 1917.)

**1. Malicious Prosecution—Trials—Malice—Burden of Proof.**

The plaintiff, in his action for malicious prosecution, must show malice of the defendant in having prosecuted the criminal action against him, and where the lack of probable cause is admitted, testimony, in the civil action, of the magistrate before whom the criminal case had been tried, "that said prosecution was frivolous and malicious, and he taxed the plaintiff with cost," is incompetent, and its admission constituted reversible error to the defendant's prejudice.

**2. Appeal and Error—Record—Issues—Mistake—Remanding Case.**

Where in the record on appeal in an action for malicious prosecution the issues set out therein are: (1) "Did the defendant cause the arrest and prosecution of the plaintiff?" (2) "Was the same done without probable cause?" (3) "Was the same done without malice?" to each of

which it appears that the jury has responded in the affirmative; upon which the defendant moved for judgment in the Supreme Court, but the plaintiff (appellee) contends there had been error in copying the third issue, and 'that in fact it was submitted as to whether the act was done "with" malice; and it further appears that the charge referred to the issue in conformity with appellee's contention, and the issues submitted had been-lost and cannot be supplied: *Held,* the case is remanded for the Superior Court to ascertain the fact as to the issue, upon proper evidence, correct its record, and enter judgment in accordance with its findings.

CIVIL ACTION, tried before *Lyon, J.,* and a jury, at October Term, 1916, of PAMLICO. The following verdict was rendered:

1. Did the defendant Asa W. Lee cause the arrest and prosecution of the plaintiff Church B. Holton, as alleged? Answer: "Yes."

2. Was the same done without probable cause? Answer: "Yes."

3. Was the same done without malice? Answer: "Yes."

4. Has the criminal action terminated? Answer: "Yes."

5. What damage, if any, has plaintiff sustained thereby? Answer: "$500."

Defendant appealed from the judgment thereon.

*Z. V. Rawls for plaintiff.*
*Brinson & Brinson and C. R. Thomas for defendant.*

WALKER, J. The plaintiff brought this action to recover damages for malicious prosecution. It appears that the defendant had prosecuted the plaintiff before a justice of peace for the larceny of money and at the trial the defendant was discharged for the lack of evidence to show probable cause. It is substantially admitted in the pleadings that the criminal proceedings had terminated unfavorably to the prosecutor (defendant in this action), as the justice found that there was no probable cause upon which to bind the defendant (plaintiff herein) to court. The justice was called as a witness for the plaintiff and was permitted by the court to testify as to the contents of the record of his proceedings, from which it appeared that he had discharged the defendant (plaintiff in this action), as the evidence was insufficient to show probable cause, and that "the court was further of the opinion that said prosecution was frivolous and malicious, and taxed the prosecutor (defendant in this action) with the costs." The defendant objected to this evidence and excepted to its admission. This exception is sustained. It was admitted that this plaintiff had been discharged in the criminal proceedings, because there was no probable cause, so far as shown by the evidence, and, therefore, it was not necessary to prove it. The only other fact contained in this record was the finding by the justice that "the prosecution was frivolous and malicious" and

his order taxing him with the costs because it was so. The objection, therefore, was directed to this evidence, as being incompetent to prove malice, and we are of the opinion that it was inadmissible, and we have so held in similar cases. *Coble v. Huffines,* 133 N. C., 422, citing *Casey v. Sevatson,* 30 Minn., 615, where the subject is fully discussed, and the reasons which have induced the courts to reject such evidence are clearly stated. It was necessary to show malice, as it was one of the material elements of the cause of action. "The burden of showing that the prosecution complained of was instituted maliciously and without probable or reasonable cause is, as we have seen, upon the plaintiff, and both of these elements must concur or the suit will fail; for if the prosecution were malicious and unfounded in matters of fact, but yet there was probable cause, the action for malicious prosecution cannot be maintained. Newell on Malicious Prosecution (1892), p. 473, sec. 12; *Stanford v. Grocery Co.,* 143 N. C., 419; *Downing v. Stone,* 152 N. C., 525; *Motsinger v. Sink,* 168 N. C., 548. Before punitive damages can be recovered express or particular malice must be shown. *Stanford v. Grocery Co.* and the other cases above cited.

There is another question in the case. The record shows that the jury found, by their answer to the third issue, that the plaintiff was prosecuted by the defendant without malice. If this be the true verdict, the defendant would be entitled to judgment; but plaintiff has applied for a writ of *certiorari* upon the ground that the issue submitted was, "Was the same done with malice?" to which the jury answered "Yes"; that the original issues, upon which the judgment was given, have been lost, and those in this record are not correctly copied in the particular indicated, and the mistake was not discovered until the argument of the case here, when for the first time the defendant claimed that he was entitled to a judgment upon the verdict. The form of the verdict becomes material for the purpose of deciding whether we shall grant the defendant a judgment or a new trial. There is no necessary conflict appearing in the record itself, but there is a conflict between the record and the case, as the judge, in his charge, refers to the issue as being in this form. "Was the same done with malice?" Where there is a conflict between the record and the case, the former controls. *Threadgill v. Comrs.,* 116 N. C., 616. The second issue is, "Was the same done without probable cause?" and in form the two issues are alike, one containing the inquiry whether the prosecution was without probable cause and the other whether it was without malice. It may be, therefore, that the issues as they now appear in the record are correctly drawn. The court below has the power to correct its own records and make them speak the truth. Instead of retaining the case and issuing a writ of *certiorari,* we direct that the court ascertain what the truth

is in regard to this controversy. If the third issue is correctly stated, judgment will be entered on the verdict for the defendant, but if it is not correctly stated, and the jury really answered it in favor of the plaintiff, then the court will amend the record accordingly, and grant a new trial for the error in admitting evidence as above shown. The court may hear such evidence as is competent and pertinent to the inquiry, including that of the judge who presided at the trial.

Error.