### STATE v. DAVID CANNON.

(Filed 19 September, 1956.)

**1. Judgments § 20—**

A court has the inherent power and duty to correct the mistakes of its clerk or other officers, or supply defects or omissions in its records in order to make its records speak the truth, and no lapse of time will debar the court of the power to discharge this duty. Thus it may be performed by another presiding judge at a subsequent term.

**2. Same—**

The power of a court of record to amend or supply omissions in its minutes should be exercised with care and caution, and proof of the omission or defect should be clear and satisfactory, but parol evidence is competent in this jurisdiction upon motion to amend, though such evidence is not admissible to correct a court record when such record is collaterally attacked.

**3. Same—**

In the exercise of its power to amend and correct its records, the court is authorized only to make the record correspond to the actual facts, and cannot, under the guise of amendment, correct a judicial error or incorporate anything in the minutes except a recital of what actually occurred.

**4. Same—**

Where, upon motion of the solicitor to correct and amend the minutes of the. court, the .court finds upon supporting evidence that defendant's plea and the return of a verdict of guilty by the jury were omitted from the minutes through inadvertence and oversight and that the proceedings were in all respects regular, such findings are conclusive.

399

**5. Habeas Corpus § 2—**

In *habeas corpus* proceedings, the court has jurisdiction to discharge defendant only when the records disclose that the court did not have jurisdiction of the offense or of the person of defendant, or that the judgment imposed was not authorized· by law, but the writ is not available as a substitute for appeal to correct errors of law, nor may defendant be discharged for irregularities in the record which may be corrected by amendment and which do not render the proceeding void.

**6. Same—**

Where the records disclose that a judgment regular in all respects was imposed by a court having jurisdiction of the offense and the person of defendant, such judgment is not void, and the omissions from the record of defendant's plea and the return of the verdict of the jury can be supplied by amendment. Therefore, decree in the *habeas corpus* proceeding that the judgment was void is beyond the jurisdiction of the court in such proceeding, and the decree is not binding upon the State.

**7. Judgments § 20—**

Where, upon motion to amend and correct the minutes of the court, the court, upon findings of fact supported by the evidence, orders the records amended to speak the truth, the records stand as though the correct entries had been made at the time. Thus, when the record as corrected is in all respects regular, the defendant cannot be entitled to his discharge, and so much of the judgment correcting the minutes which purports to re-sentence the defendant will be set aside.

JOHNSON, J., not sitting.

RODMAN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Pless, J.,* April Term, 1956, of MACON.

The facts essential to a disposition of this appeal are as follows:

1. At the August Term 1951 of the Superior Court of Macon County a true bill of indictment was returned against David Cannon, charging him with a crime against nature. Docket entries show that upon the call of the case, attorneys for the State and the defendant agreed that because of the nature of the case it was in the public interest for the courtroom to be vacated during the trial of the case of all parties except court officials and witnesses in the case. Docket entries also show that prayer for judgment was continued until the December Term of the court.

2. The next docket entry made in the case appears in the minutes of the December Term 1951, which shows judgment imposing a sentence on the defendant of not less than 20 nor more than 25 years in State's Prison to begin at the expiration of the two consecutive (actually concurrent) sentences of 15 years each imposed on 15 May 1946 in Wilson County Superior Court. Commitment under the Macon County sentence was issued on 4 December 1951.

3. The concurrent sentences imposed in the Superior Court of Wilson County expired on 22 February 1956 and the defendant began serving his Macon County sentence on that date.

4. The defendant, on 3 March 1956, applied to the Honorable Walter J. Bone for a writ of *habeas corpus,* alleging that his imprisonment and restraint were illegal in that the record failed to show that a verdict was rendered in the case or that he had entered any plea to the charge in the bill of indictment. The writ was duly issued by Judge Bone and made returnable on 27 March 1956 before the Honorable William Y. Bickett, Judge Presiding over the March Term 1956 of the Superior Court of Lee County.

5. Upon the hearing of the return to the above writ, judgment was entered to the effect that since the records in Macon County did not show that David Cannon entered a plea of guilty or *nolo contendere,* or that a jury returned a verdict of guilty against him, judgment entered at the December Term 1951 in Macon County was void and that the defendant was entitled to be discharged from the custody of the State Highway and Public Works Commission, and ordered the return of the defendant to Macon County to answer the charge contained in the bill of indictment. He was placed in custody of the Sheriff of Lee County, pending the posting of bond in the sum of $10,000.00 for his appearance at the next Term of Criminal Court in Macon County.

6. The defendant, David Cannon, appeared before the Honorable J. Will Pless, Jr., Judge Presiding at the April Term 1956 of the Superior Court of Macon County, being the term to which he was required to appear under the judgment entered in the *habeas corpus* proceeding and under the terms and provisions of his appearance bond.

7. The solicitor on behalf of the State made a motion to correct and amend the minutes of the August Term 1951 of the Superior Court of Macon County with respect to the case of *State v. Cannon.* The court heard evidence, including testimony of the attorneys who represented David Cannon at the time of his trial in Macon County in August 1951. Upon the evidence adduced, the court found the following facts:

"The defendant was placed on trial on the bill of indictment appearing in the minutes and records of the court and entered a plea of not guilty; thereupon a jury was regularly chosen and impaneled, evidence was offered, and, after deliberation, the jury returned a verdict of guilty as charged in the bill of indictment. This verdict was received and accepted by the Presiding Judge, the Hon. J. C. Rudisill.

"The Clerk of the Superior Court at that time was Miss Kate McGee . . ., and she, together with other ladies in the courtroom, were excluded from the trial because of its nature; and the court reporter, a lady, was also excluded, and the proceedings were not transcribed.

Because of the absence of the court reporter and the Clerk of the Court at the time of the rendering of the verdict, the minutes of the term, through inadvertence and oversight, failed to show the composition of the jury, or the proceedings and verdict as are usually done; but the court finds as a fact that the proceedings were in all respects regular, and that the defendant was present at the trial and was represented by counsel of his selection; that the prayer for judgment was continued from the August Term 1951, at which the Hon. J. C. Rudisill was the Presiding Judge, to the December Term, 1951, at which time Judge Rudisill was also Presiding Judge, and sentence was pronounced, as appears in the record."

From the foregoing findings of fact, the court ordered that the minutes of the August Term 1951 be and they were amended in accord with the above findings.

Upon the amended minutes, the court held that the judgment pronounced at the December Term 1951 of the Superior Court of Macon County was valid and in all respects regular, but in deference to the ruling of Judge Bickett the court thereupon pronounced judgment as of the December Term 1951 in the exact terms of the sentence imposed by Judge Rudisill, except Judge Pless directed that "insofar as the court has authority to do so," the sentence imposed be computed from the December Term 1951 of the Macon County Superior Court rather than from the date of the completion of the concurrent sentences imposed by the Superior Court of Wilson County.

From the foregoing judgment the defendant appeals, assigning error.

*Attorney-General Rodman, Assistant Attorney-General Love, for the State; R. Brookes Peters, General Counsel, and Parks H. Icenhour, for the State Highway and Public Works Commission.*

*Jones, Reed & Griffin and C. Banks Finger for defendant.*

DENNY, J.   The defendant raises these questions on this appeal:

1. Did Judge Pless, on the motion of the State made at the April Term 1956 of the Superior Court of Macon County, have the power to correct the minutes of the August Term 1951 of said court?

2. Was oral evidence competent in support of the motion of the State to correct said minutes?

3. Are the findings of fact incorporated in the judgment entered by Judge Pless supported by the evidence offered in support of the above motion?

4. Is the judgment of his Honor, Bickett, J., entered on the hearing in the *habeas corpus* proceeding in the cause, decreeing that the judgment of his Honor, Rudisill, J., entered in said cause at the December

Term 1951 of the Macon County Superior Court, was void, binding upon the State?

5. Is the judgment of his Honor, Judge Pless, entered at the April Term 1956 of the Macon County Superior Court in this cause, valid?

6. Is the defendant, on the record in this appeal, entitled to be discharged from custody?

We will consider these questions in the order stated.

1. It is universally recognized that a court of record has the inherent power and duty to make its records speak the truth. It has the power to amend its records, correct the mistakes of its clerk or other officers of the court, or to supply defects or omissions in the record, and no lapse of time will debar the court of the power to discharge this duty. 14 Am. Jur., Courts, sections 141, 142, and 143, page 351, *et seq.*; 21 C.J.S., Courts, section 227(b), page 423; McIntosh, N. C. Practice and Procedure, Second Edition, Volume 2, section 1711, page 161; *Galloway v. McKeithen,* 27 N.C. 12, 42 Am. Dec. 153; *Phillipse v. Higdon,* 44 N.C. 380; *Mayo v. Whitson,* 47 N.C. 231; *Foster v. Woodfin,* 65 N.C. 29; *Walton v. Pearson,* 85 N.C. 34; *Brooks v. Stephens,* 100 N.C. 297, 6 S.E. 81; *Ricaud v. Alderman,* 132 N.C. 62, 43 S.E. 543; *R. R. v. Reid,* 187 N.C. 320, 121 S.E. 534; *Oliver v. Highway Commission,* 194 N.C. 380, 139 S.E. 767; *S. v. Tola,* 222 N.C. 406, 23 S.E. 2d 321; *S. v. Maynor,* 226 N.C. 645, 39 S.E. 2d 833; *Gagnon v. United States,* 193 U.S. 451, 48 L. Ed. 745.

This Court has quoted with approval many times the statement contained in the opinion of *Ruffin, J.,* in the case of *Walton v. Pearson, supra,* which is as follows: "It is the duty of every court to supply the omissions of its officers in recording its proceedings and to see that its record truly sets forth its action in each and every instance; and this it must do upon the application of any person interested, and without regard to its effect upon the rights of parties, or of third persons; and neither is it open to any other tribunal to call in question the propriety of its action or the verity of its records, as made. This power of a court to amend its records has been too often recognized by this Court, and its exercise commended, to require the citation of authorities— other than a few of the leading cases on the subject. See *Phillipse v. Higdon,* 44 N.C. 380; *Foster v. Woodfin,* 65 N.C. 29; *Mayo v. Whitson,* 47 N.C. 231; *Kirkland v. Mangum,* 50 N.C. 313."

2. The power to amend or supply omissions in minutes of a court of record should be exercised with care and caution. "The proof of the defect should be clear and satisfactory, . . . but in this state it is left to the court to determine by any satisfactory evidence that the mistake was made, and the action of the court is not subject to review." McIntosh, N. C. Practice and Procedure, Second Edition, Volume 2,

section 1711, page 161, *et seq.;* 14 Am. Jur., Courts, section 145, page 353; *Mayo v. Whitson, supra; Beam v. Bridgers,* 111 N.C. 269, 16 S.E. 391; *Creed v. Marshall,* 160 N.C. 394, 76 S.E. 270; *Holton v. Lee,* 173 N.C. 105, 91 S.E. 602; *Ledford v. Ledford,* 229 N.C. 373, 49 S.E. 2d 794.

Parol evidence is competent in this jurisdiction in support of a motion to correct the minutes or to supply an omission in the minutes of a court of record. However, such evidence is not admissible to contradict a court record when such record is collaterally attacked. *R. R. v. Reid, supra; S. v. Tola, supra.* Furthermore, in the exercise of power to amend the record of a court, the court is only authorized to make the record correspond to the actual facts and cannot, under the guise of an amendment of its records, correct a judicial error or incorporate anything in the minutes except a recital of what actually occurred. 30 Am. Jur., Judgments, section 94, page 866.

3. The findings of fact incorporated in the judgment entered by Pless, J., at the April Term 1956 of the Superior Court of Macon County, are supported by clear and satisfactory evidence. In fact, the defendant has not at any time denied that he pleaded to the bill of indictment; that a jury was duly impaneled, or that it returned a verdict of guilty and that the verdict was accepted by the court. He declined to offer any evidence in the hearing below, although he was given the opportunity to do so. He relies solely upon his right to a discharge on the fact that the minutes of the court, prior to their amendment, were not complete in that they did not contain a recital of the plea, the impaneling of the jury, and the verdict, which fact was found by Bickett, J., and upon which he held the judgment was void. Judge Bickett, however, did not find that no plea was entered; that a jury was not impaneled, or that the jury did not return a verdict of guilty.

4. Our statute, G.S. 17-4, subsection 2, provides that an application to prosecute the writ in a *habeas corpus* proceeding shall be denied, "Where persons are committed or detained by virtue of the final order, judgment or decree of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon such final order, judgment or decree."

It is said in 39 C.J.S., Habeas Corpus, section 15, page 448, *et seq.:* "Where the restraint is under legal process, mere errors and irregularities which do not render the proceeding void are not ground for relief by *habeas corpus,* because in such cases the restraint is not illegal, but for incurable, radical and fatal defects plainly and indisputable manifest of record, relief should be granted even on *habeas corpus,*" citing among numerous authorities, *S. v. Edwards,* 192 N.C. 321, 135 S.E. 37.

In the last cited case it is said: "It is well settled that, in *habeas corpus* proceedings, the court is not permitted to act as one of errors and appeals, but the right to afford relief, on such hearings, arises only

when the petitioner is held unlawfully, or on a sentence manifestly entered by the court without power to impose it. The judgment must be void as distinguished from erroneous. . . . Speaking to the question in *United States v. Pridgen*, 153 U.S. 48, the Court said: 'Under a writ of *habeas corpus*, the inquiry is addressed not to errors, but to the question whether the proceedings and judgment rendered therein are, for any reasons, nullities, and unless it is affirmatively shown that the judgment or sentence, under which the prisoner is confined, is void, he is not entitled to his discharge.' Again, in *People v. Liscomb*, 60 N.Y. 559, *Allen, J.*, delivering the principal opinion, said: 'If there was no legal power to render the judgment or decree, or issue the process, there was no competent court and consequently no judgment or process. All is *coram non judice* and void. . . . In other words, upon the writ of *habeas corpus*, the court could not go behind the judgment, but upon the whole record, the question was whether the judgment was warranted by law and within the jurisdiction of the court.' "

It is also said in *Ex parte McCown*, 139 N.C. 95, 51 S.E. 957, 2 L.R.A. (N.S.) 603: "We cannot decide whether there was any merely erroneous ruling of the court or any irregularities with respect to judgment and procedure, as the writ of *habeas corpus* can never be made to perform the office of a writ of error or of an appeal. We are confined in our investigation to the question of jurisdiction or power of the judge to proceed as he did and cannot otherwise pass upon the merits of the controversy. There must have been a want of jurisdiction over the person or the cause or some other matter rendering the proceedings void, as this is the only ground of collateral attack. The law in this respect has been definitely settled, we believe, by all the courts."

In 39 C.J.S., Habeas Corpus, section 26, page 478, *et seq.*, it is said: ". . . it is the general rule, which in some states has been declared by statutes which have been held to be constitutional, and to be merely declaratory, and not in derogation, of the common law, that, where the trial court, as a court of competent jurisdiction, had jurisdiction of the offense and of the person of defendant, and power to render the particular judgment or sentence, it cannot be collaterally attacked in *habeas corpus* proceedings, . . . and, if nothing has happened since the rendition of the judgment to entitle the prisoner to his release, the court should decline, for want of jurisdiction, to discharge the prisoner, and an order of discharge under such circumstances is void." *People v. Nierstheimer*, 401 Ill. 260, 81 N.E. 2d 900; *People v. Fardy*, 378 Ill. 501, 39 N.E. 2d 7; *Eberwein v. Eberwein*, 193 Md. 95, 65 A. 2d 792; *Graham v. Squier* (C.C.A. 9th Cir.), 132 F. 2d 681.

In the case of *Eberwein v. Eberwein, supra*, the record of the court did not show how the petitioner plead, or whether he was tried by the

court below or that the case was disposed of on a plea of guilty. Even so, the court held the petitioner was not entitled to have his petition for writ of *habeas corpus* granted.

In the instant case, before the minutes were amended, the record shows that a true bill of indictment had been returned against the defendant; that the case was called for trial; that the solicitor representing the State and the attorneys representing the defendant agreed that because of the nature of the case the courtroom should be cleared of all persons except court officers and witnesses in the case. The next entry shows that prayer for judgment was continued to the December Term of the court and that the defendant should remain in the custody of the State Prison Department until that time. The docket at the December Term shows a judgment imposed which was regular in all respects. There can be no question about the Superior Court having jurisdiction of the offense and of the person of the defendant, and the power to render the judgment imposed. Consequently, any omissions in the minutes of the court with respect to the procedure followed during the course of the trial could be supplied by amendment.

In light of these facts, we hold that the judgment in question was not void, and, therefore, could not be successfully attacked in a *habeas corpus* proceeding. Relief may be granted in a *habeas corpus* proceeding when the records of the court disclose that the court did not have jurisdiction of the offense or of the person of the defendant, or that the judgment imposed was not authorized by law. Such facts appearing on the face of the record are incurable and cannot be corrected by amendment.

We have held, under the questions previously discussed herein, that Judge Pless had the power to amend and correct the minutes of the August Term 1951 of the Superior Court of Macon County so as to make them speak the truth, and that his findings were supported by competent evidence. It follows that the record in this case, as amended, stands as if it had never been defective, or as if the entries had been made at the proper term. *Galloway v. McKeithen, supra; Phillipse v. Higdon, supra; Mayo v. Whitson, supra.*

In view of the authorities cited herein and our disposition of the first four questions posed, we hold that the order entered by Bickett, J., in the *habeas corpus* proceeding is not binding on the State, but that the sentence imposed by Rudisill, J., at the December Term 1951 of the Superior Court of Macon County, has been at all times since its imposition, in all respects, valid and binding on the defendant.

5. Accordingly, so much of the judgment of his Honor, Pless, J., as purports to re-sentence the defendant, is hereby set aside, but in all other respects it is affirmed.

6. In our opinion, the defendant, on the facts revealed on this record, is not entitled to be discharged from custody. Therefore, he will be remanded to the State's Prison to serve the sentence imposed on him at the December Term 1951 of the Superior Court of Macon County.

Modified and affirmed.

JOHNSON, J., not sitting.

RODMAN, J., took no part in the consideration or decision of this case.