STATE OF NORTH CAROLINA v. GRADY WORTH OLD.

(Filed 20 September, 1967.)

1. **Criminal Law § 158—**

    The rule that the case on appeal as certified imports verity and must be presumed complete and correct cannot apply when the record recites inconsistent and contradictory statements in regard to a material matter.

2. **Criminal Law § 160—**

    The trial court has the inherent power to correct error, mistake or omissions in its records so as to make its records speak the truth, and no lapse of time will bar the court from discharging this duty.

3. **Criminal Law § 146—**

    The record proper recited as to each indictment against defendant a verdict of not guilty directed by the court, a plea of guilty entered by defendant, and a verdict of guilty returned by the jury. *Held:* The Supreme Court, in the exercise of its supervisory power, will remand the cause to the Superior Court with direction that upon a hearing after notice to counsel and parties it certify any corrections necessary to make the record conform to the facts.

STATE *v.* OLD.

APPEAL by defendant from *Peel, J.,* April 1967 Session, CAMDEN Superior Court.

The defendant, Grady Worth Old, was indicted by Camden County Grand Jury in three cases, Nos. 66-CrS-7, 66-CrS-9 and 66-CrS-10, charging respectively, a secret assault on E. L. Taylor, the murder of Montelle B. Williams, and the secret assault on John Joseph Walston. The agreed case on appeal discloses the following: The three cases were consolidated and tried together. In No. 66-CrS-7, charging secret assault on E. L. Taylor, this is the verdict according to the record:

"(a) At the close of the State's evidence, the Court Orders a Verdict of Not Guilty.

(b) At the close of the State's evidence, the defendant pleads Guilty.

(c) The jury heretofore sworn and empanelled to try the issue for their verdict say that the defendant is Guilty of the charge of Murder in the first degree with a recommendation of life imprisonment."

In No. 66-CrS-9, charging the murder of Montelle B. Williams, this is the verdict:

"(a) At the close of the State's evidence, the Court orders a Verdict of Not Guilty.

(b) At the close of the State's evidence, the defendant pleads Guilty.

(c) The jury heretofore sworn and empanelled to try the issue for their verdict say that the defendant is Guilty of the charge of assault with a deadly weapon upon E. L. Taylor."

In No. 66-CrS-10, charging assault on John Joseph Walston, this is the verdict:

"(a) At the close of the State's evidence, the Court orders a Verdict of Not Guilty.

(b) At the close of the State's evidence, the defendant pleads Guilty.

(c) The jury heretofore sworn and empanelled to try the issue for their verdict say that the defendant is Guilty of the charge of assault with a deadly weapon upon John Joseph Walston."

The record here further discloses that each of the verdicts was signed on April 13, 1967 by the Clerk of Superior Court. On each of the charges of assault with a deadly weapon, the Court imposed a

prison sentence of 24 months. On the murder charge, the Court imposed a sentence for life in the State's prison. From all judgments, the defendant has appealed, assigning 65 errors based on 255 exceptions.

*T. W. Bruton, Attorney General; George A. Goodwyn, Assistant Attorney General for the State.*
*John T. Chaffin for defendant appellant.*

HIGGINS, J.  The case on appeal as agreed, and as certified by the Clerk, shows that a life sentence for murder was imposed on the defendant in the case in which he was charged with assault on Taylor, and a sentence of imprisonment for 24 months was imposed in the case in which he was charged with the murder of Williams.

In each of the three cases, the record shows (1) a verdict of not guilty was directed by the Court, (2) a plea of guilty was entered by the defendant, and (3) a verdict of guilty was found by the jury. Patently, the record can speak the truth only with respect to one of the verdicts. If the Court entered a verdict of not guilty, that ended the prosecution. If the defendant entered a plea of guilty, no issue remained for jury determination. Only if (a) and (b) are eliminated may the jury intervene.

Here involved is a judgment of life imprisonment for first degree murder. Before dealing with the merits of the appeal, we must first have before us an accurate record of the proceedings in the Superior Court. Any error, mistake, or omission in the records of that Court must be corrected in that Court.

> "It is universally recognized that a court of record has the inherent power and duty to make its records speak the truth. It has the power to amend its records, correct the mistakes of its clerk or other officers of the court, or to supply defects or omissions in the record, and no lapse of time will debar the court of the power to discharge this duty. 14 Am. Jur., Courts, sections 141, 142, and 143, page 351, *et seq.;* 21 C.J.S., Courts, section 227(b), page 423; McIntosh, N. C. Practice and Procedure, Second Edition, Volume 2, section 1711, page 161; *Galloway v. McKeithen,* 27 N.C. 12, 42 Am. Dec. 153; *Phillipse v. Higdon,* 44 N.C. 380; *Mayo v. Whitson,* 47 N.C. 231; *Foster v. Woodfin,* 65 N.C. 29; *Walton v. Pearson,* 85 N.C. 34; *Brooks v. Stephens,* 100 N.C. 297, 6 S.E. 81; *Ricaud v. Alderman,* 132 N.C. 62, 43 S.E. 543; *R. R. v. Reid,* 187 N.C. 320, 121 S.E. 534; *Oliver v. Highway Commission,* 194 N.C. 380, 139 S.E. 767; *S. v. Tola,*

222 N.C. 406, 23 S.E. 2d 321; *S. v. Maynor,* 226 N.C. 645, 39 S.E. 2d 833; *Gagnon v. United States,* 193 U.S. 451, 48 L. Ed. 745.

"This Court has quoted with approval many times the statement contained in the opinion of Ruffin, J., in the case of *Walton v. Pearson, supra,* which is as follows: 'It is the duty of every court to supply the omissions of its officers in recording its proceedings and to see that its record truly sets forth its action in each and every instance; and this it must do upon the application of any person interested, and without regard to its effect upon the rights of parties, or of third persons; and neither is it open to any other tribunal to call in question the propriety of its action or the verity of its records, as made. This power of a court to amend its records has been too often recognized by this Court, and its exercise commended, to require the citation of authorities — other than a few of the leading cases on the subject. See *Phillipse v. Higdon,* 44 N.C. 380; *Foster v. Woodfin,* 65 N.C. 29; *Mayo v. Whitson,* 47 N.C. 231; *Kirkland v. Mangum,* 50 N.C. 313.' "

The foregoing statement is quoted from the opinion of Denny, J., (later C.J.) in *State v. Cannon,* 244 N.C. 399, 94 S.E. 2d 339. The opinion points out the method by which errors may be corrected.

A record of a case certified to us by the Superior Court must be accepted as importing verity and, unless shown otherwise on its face, it must be presumed to be complete. *Redden v. Bynum,* 256 N.C. 351, 123 S.E. 2d 734. However, if a case on appeal contains in material parts of the record proper such inconsistent and contradictory statements so that obviously if one material recital is correct, others therein equally material cannot be, then it becomes the duty of this Court, under its supervisory power, to remand the action to the Superior Court with directions that notice be given to counsel and parties, and after hearing, to certify any corrections necessary to make the record conform to the facts. In a criminal case, the solicitor should be given notice as well as defense counsel, and the defendant should be before the Court. It is the duty of the Superior Court to correct its own records in the manner pointed out by this Court in *State v. Cannon, supra,* and *State v. Stubbs,* 265 N.C. 420, 144 S.E. 2d 262.

The action is remanded to the Superior Court and when the corrections are made and certified, they shall be attached to and made a part of the case on appeal.

Remanded.