STATE OF NORTH CAROLINA v. LILA GREENE BELLAR

No. 7226SC691

(Filed 25 October 1972)

1. Clerks of Court § 10; Criminal Law § 160— expunction of record in criminal case — statutory protection

There is no statutory authority for the expunction of the files in a criminal case, except to the limited extent provided in G.S. 90-113.14 and in G.S. 121-5, but there are statutes specifically providing for protection of court records. G.S. 14-76.

2. Clerks of Court § 10; Criminal Law § 160— correct court record — expunction improper

A court has inherent power to keep its files free from scandalous matter, or to strike such matter from the record, but a court will not annul, change, or expunge an absolutely correct record made in accordance with the requirements of law.

3. Clerks of Court § 10; Criminal Law § 160— expunction of record — order in excess of judge's authority

The trial judge exceeded his authority in ordering the records in a criminal case involving obtaining money by false pretenses permanently removed from the clerk's office and delivered to the one charged with the crime.

4. Criminal Law § 80— trial court's order to destroy police files

The trial judge's order requiring delivery of police investigative files to the party charged with the crime was improperly entered, though made after defendant's motion for nonsuit was granted, where no notice was given to the State, no opportunity was afforded it to be heard, and no findings of fact were made to support the action taken.

ON writ of *certiorari* to review two orders entered by *McLean, Judge,* one on 2 June 1972 and one on 14 or 15 June 1972. The writ of certiorari was issued at the instance of the State.

Defendant was charged in a warrant with obtaining $10,000 by false pretense and was arrested on 9 April 1970. Subsequently, a bill of indictment charging the defendant with obtaining $10,000 by false pretense was returned by the grand jury as a true bill at the 10 May 1971 Session of Superior Court held in Mecklenburg County.

Prior to the return by the grand jury of the bill of indictment, Judge McLean entered the following order setting the case for trial as the first case for trial in his court:

"In the above-entitled Cause, the Court having heretofore in the presence of the defendant and the solicitor ordered that this cause be set down for trial as the first case on Monday, May 10, 1971, at 10:00 o'clock, and it now appearing to the Court that the solicitor has made a calendar and left this case off;

"It is now, therefore, ORDERED that this cause be and the same is hereby set down for trial as the first case on Monday, May 10, 1971, at 10:00 o'clock a.m. preceding case No. 71-CR-3292, the first case placed on the calendar by the solicitor.

"This the 29th day of April, 1971.

W. K. McLEAN
Judge Presiding"

On 10 May 1971, after the case came for trial before Judge McLean, the following order dismissing the action was entered:

"In this case wherein the defendant stands charged with the offense of Obtaining money by false pretense and in open Court through counsel enters a plea of not guilty to said charge and a jury having been duly sworn and empaneled to try the issue between the State and the defendant; at the close of the State's evidence the defendant through counsel demur's to the evidence and moves for judgment of nonsuit; Motion Allowed.

"This 10th day of May, 1971.

W. K. McLEAN
Presiding Judge"

Approximately a year later the following order, dated 2 June 1972, was entered in this cause by Judge McLean:

"In Case No. 70-CR-22168, it appearing to the undersigned Judge presiding that this Cause was tried May 10, 1971, at which time the Court adjudged that there was no probable cause and insufficient evidence to go to the jury; it further appearing to the Court that petition has been made that the record be expunged in this cause and that the papers appearing therein be delivered to the party charged;

"It is now, therefore, ORDERED that the Clerk of the Superior Court shall forthwith deliver to the party charged the entire file, with the exception of the case number and this order, together with the index card.

"This the 2nd day of June, 1972.

W. K. McLEAN
Judge Presiding"

Thereafter, the following order, dated 14 or 15 June 1972, was entered in this cause by Judge McLean:

"In Case No. 70 CR 22168, it appearing to the undersigned Judge presiding that this Cause was tried May 10, 1971, at which time the Court adjudged that there was no probable cause and insufficient evidence to go to the jury; and it further appearing to the Court that petition has been made that the police records concerning this matter be expunged in this cause and that the papers appearing therein be delivered to the party charged.

"It is now, therefore, ORDERED that the Chief of Police of the Charlotte Police Department or any police clerk or police officer having the same in his or her possession, control or custody, shall deliver forthwith to the party charged the entire file and any and every other record of complaint, arrest, fingerprinting and investigation together with the index card connected with the above-captioned arrest.

"This the 14th day of June, 1972.

W. K. McLEAN
Judge Presiding"

The State was given no notice of a petition for the two latter orders, nor notice of the hearing, or entry of the orders. On 19 June 1972 the State, at the instance of the Solicitor for the Twenty-Sixth Solicitorial District, filed a petition in this court asking that a writ of supersedeas be issued to stay the orders of Judge McLean, and asking this court to issue a petition for writ of certiorari to review the two orders. On 5 July 1972 this court issued a writ of supersedeas directing that the order of Judge McLean to the Clerk of Court and the order of Judge McLean to the Charlotte Police Department be stayed pending a review of the orders by the appellate division.

In the meantime, in compliance with the two orders entered in June 1972, the Clerk of Superior Court turned over to the defendant the entire contents of the file in the case, and the Charlotte Police Department turned over to the defendant so much of its file as was in its possession at that time. In the defendant's reply to the State's petition, she states that she has destroyed all the records which were turned over to her.

The Clerk of Superior Court of Mecklenburg County advised the Clerk of this Court that although he had complied with Judge McLean's order with respect to turning over to defendant the contents of the file in the case, that the contents of the file had been microfilmed prior to the entry of the order and that the contents thereof could be reproduced from the microfilm. This was done and the contents were certified to this Court.

*Attorney General Morgan, by Assistant Attorney General Johnson, for the State.*

*Lila Bellar, pro se.*

BROCK, Judge.

Order concerning the court file:

[1]   G.S. 7A-180 charges the Clerk of Superior Court with custody and maintenance of records of all judicial proceedings, including criminal actions. There is no statutory authority for the expunction of the files in a criminal case, except to the limited extent provided in G.S. 90-113.14 and in G.S. 121-5. Other statutes specifically provide for protection of court records. G.S. 14-76 provides in pertinent part: "If any person * * * shall unlawfully and maliciously obliterate, injure or destroy any record, writ, return, panel, process, interrogatory, deposition, affidavit, rule, order or warrant of attorney or any original document whatsoever, of or belonging to any court of record, or relating to any matter, civil or criminal, begun, pending or terminated in any such court * * * every such offender shall be guilty of a misdemeanor."

The Clerk of Superior Court is a public officer, and the records he is required by law to keep are public records. G.S. Chapter 132 establishes the method for control and disposition of public records, and G.S. 132-3 provides a penalty for wrongful disposition.

[2] "It is universally recognized that a court of record has the inherent power and duty to make its records speak the truth. It has the power to amend its records, correct the mistakes of its clerk or other officers of the court, or to supply defects or omissions in the record, and no lapse of time will debar the court of the power to discharge this duty." *State v. Old,* 271 N.C. 341, 156 S.E. 2d 756. "And a court has inherent power to keep its files free from scandalous matter, or to strike such matter from the record. But a court will not annul, change, or expunge an absolutely correct record made in accordance with the requirements of law. Thus, the correct record of testimony will not be expunged from the record because it is alleged that the testimony is false and constitutes a slander against a party to the suit. An innocent person arrested through mistake has no right to have canceled a record of the arrest." 45 Am. Jur., Records and Recording Laws, § 11, p. 424.

"The custodian of a public record cannot destroy it, deface it, or give it up without authority from the same source which required it to be made. Thus, an indictment duly filed cannot be removed legitimately by anyone, including the district attorney, except for purposes of the trial thereon, or for purposes of evidence under a subpoena duces tecum or an order of court." 45 Am. Jur., *supra,* § 12, p. 425.

[3] Judge McLean exceeded his authority in ordering the records in a criminal case to be permanently removed from the Clerk's office. The order dated 2 June 1972 directing the Clerk to deliver the file records to the defendant is reversed.

Order concerning the police files:

[4] Except for the possible application of G.S. 90-113.14, there is no statutory authority in North Carolina for the destruction of police investigative files containing fingerprints and photographs of an accused. Should it be conceded that in extraordinary circumstances a remedy is available to have such files destroyed or expunged, it would require notice, an opportunity to be heard, and findings of fact supporting the action taken. In the action taken by Judge McLean there was no notice given, no opportunity was afforded to be heard, and no findings of fact were made to support the action taken. The order dated 14 or 15

June 1972 directing the Charlotte Police Department to deliver its entire investigative file to the defendant is reversed.

Reversed.

Chief Judge MALLARD and Judge CAMPBELL concur.