An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-675

Filed 18 February 2026

Edgecombe County, Nos. 22CR317603-320, 23CR000444-320

STATE OF NORTH CAROLINA

v.

JAHVON LASSITER, Defendant.

Appeal by defendant from judgment entered 10 October 2024 by Judge William D. Wolfe in Edgecombe County Superior Court. Heard in the Court of Appeals 12 January 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Rebecca E. Lem, for the State.*
>
> *Mary McCullers Reece for defendant-appellant.*

PER CURIAM.

Defendant Jahvon Lassiter appeals from the trial court's judgment sentencing him for attempted first-degree murder and malicious maiming. Defendant contends the trial court committed a clerical error when entering his judgment. The State concedes error. For the foregoing reasoning, we remand this matter to the trial court to correct the clerical errors found within its judgment so that the record "speaks the

truth."

## I.    Background

A jury found Defendant guilty of attempted first-degree murder (22 CRS 317603) and malicious maiming (23 CRS 444) on 10 October 2024. The jury also found the existence of three aggravating factors beyond a reasonable doubt. Specifically, the jury found aggravating factors corresponding to boxes 12a, 15, and 19 on the applicable "Felony Judgment Findings of Aggravating and Mitigating Factors" form (the "Form"). Additionally, the trial court found that the aggravating factors outweighed the mitigating, which warranted an aggravated punishment. The trial court then instructed the clerk to mark the corresponding boxes on the Form, but with respect to 22 CRS 317603, aggravating factor 19a was marked, as was the box stating, "that the factors in mitigation outweigh the factors in aggravation and that a mitigated sentence is justified."

## II.    Analysis

A clerical error is one that results "from a minor mistake or inadvertence, esp[ecially] in writing or copying something on the record, and not from judicial reasoning or determination." *State v. Jarman*, 140 N.C. App. 198, 202 (2000). We are to remand the case if we discover a clerical error in the trial court's judgment so " 'that the record speak[s] the truth.' " *State v. Hauser*, 271 N.C. App. 496, 503 (2020) (citation omitted); *State v. Cannon*, 244 N.C. 399, 403 (1956).

Here, the 22 CRS 317603 Form indicated that factor 19a had been found by

the jury, and that "factors in mitigation outweigh the factors in aggravation and that a mitigated sentence is justified." When issuing his oral ruling, the trial court stated the jury found aggravating factors 12a, 15, and 19 and the trial court found that the aggravating factors outweighed the mitigating. "The fact that box number [19a and the box assigned to the finding that mitigating factors outweigh aggravating factors] on the [Form] [were] checked [are] an obvious clerical error because [they are] inconsistent with the trial court's actual findings." *State v. Gell*, 351 N.C. 192, 218 (2000). Thus, we must remand for the trial court to correct the error so that the "record speak[s] the truth." *Hauser*, 271 N.C. App. at 503.

## III. Conclusion

We therefore remand for the trial court to correct the clerical errors contained in the 22 CRS 317693 judgment consistent with this opinion.

REMANDED.

Panel consisting of Chief Judge DILLON and Judges GORE and FREEMAN.

Report per Rule 30(e).