STATE OF NORTH CAROLINA v. OSCAR FRANKLIN BROADWAY.

(Filed 28 March, 1962.)

**1. Indictment and Warrant § 9—**

A warrant charging that defendant did unlawfully and wilfully violate a municipal ordinance by operating a motor vehicle on the public highway in the municipality while under the influence of intoxicants "contrary to the ordinance and against the statute in such case made and provided" *is held* sufficient to charge defendant with the violation of G.S. 20-138, and the reference to the unspecified ordinance will be deemed harmless surplusage.

**2. Criminal Law § 154—**

Failure of appellant to group the exceptions upon which he relies and incorporate them in the record immediately before or after the signature to the case on appeal warrants dismissal except when appellant challenges the jurisdiction of the lower court or asserts other vitiating error appearing on the face of the record.

**3. Criminal Law §§ 16, 18—**

Where a mayor's court is given the jurisdiction of a justice of the peace, it may bind a defendant charged with an offense beyond its jurisdiction over to the county court, and the county court which is given jurisdiction of warrants returned to the court by committing magistrates, acquires jurisdiction, and the Superior Court acquires jurisdiction upon appeal from the county court.

APPEAL by defendant from *Cowper, J.,* December 1961 Term of GREENE.

*Attorney General Bruton and Assistant Attorney General McGalliard for the State.*

*Charles L. Abernethy, Jr., for defendant appellant.*

PER CURIAM. Rule 19 (3) of this Court requires an appellant to group the exceptions on which he relies and incorporate them in the record "immediately before or after the signature to the case on appeal." A failure to comply with this rule by express language warrants a dismissal.

Appellant has not complied with the rule. On the last page of his brief he attempts to enumerate asserted errors. The appeal would be dismissed except for the argument that the Superior Court never acquired jurisdiction. The challenge to that court's jurisdiction prevents a dismissal.

Trial was had in the Superior Court on a warrant issuing from the mayor's court of Snow Hill charging defendant "did unlawfully and wilfully violate an Ordinance of the Town of Snow Hill to wit: Ordi-

nance No.           , Article          , Section          , by operating a
motor vehicle on the public highways and in The Town of Snow Hill
while under the influence of intoxicating liquors, contrary to the said
Ordinance, against the Statute in such case made and provided, and
against the peace and dignity of the said Town and State." This was
sufficient to charge the defendant with a violation of G.S. 20-138. A
violation of that statute subjects defendant to punishment in excess of
that which a justice of the peace may impose. G.S. 20-179; N. C. Con-
stitution, Art. IV, sec. 27.

The mayor's court of Snow Hill was created by c. 368 Private Laws
1909. Sec. 3 of that Act provides: "That the mayor of the town of
Snow Hill is hereby constituted a special court, with all the jurisdiction,
power and authority in criminal causes that is now or may hereafter
be given to justices of the peace." The mayor, on 6 December 1960,
made this order: "After hearing the evidence in this case, it is adjudged
that the defendant .................... Bound over to County Court."

The county court of Greene County was established pursuant to
the provisions of c. 406 P.L.L. of 1915. The minutes of that court show:
This cause was, on 17 January 1961, continued to 24 January 1961.
Several subsequent continuances were ordered. On 28 March 1961 de-
fendant, through his counsel, entered a plea of not guilty. There was
a verdict of guilty and judgment based thereon. From that judgment
the defendant appealed to the Superior Court. This cause was heard in
the Superior Court on the warrant issued by the mayor.

Defendant correctly asserts the jurisdiction of the Superior Court
was derivative, and if the county court of Greene County had no
jurisdiction, the Superior Court had no right to hear his appeal from
that court. His position is that the county court of Greene County had
no jurisdiction because it could only hear and determine guilt based
on warrants issued from that court. Sec. 5 of the Act creating that
court provides: "That all trials of criminal actions in said court shall
be upon warrants issued by the clerk of said county court upon com-
plaint under oath as is now provided by law for the issuing of war-
rants by justices of the peace, and upon warrants returned to said court
by committing magistrates in said county as herein provided." Since
the Act establishing the mayor's court of Snow Hill gave it the juris-
diction of a justice of the peace, it was the duty of the mayor, when
hearing criminal charges contained in a warrant beyond his jurisdic-
tion, to act as a committing magistrate, G.S. 15-86, and discharge
defendant, G.S. 15-94, or, as the mayor did in this case, bind him
over to a court having jurisdiction of the offense charged. G.S. 15-95.
The county court of Greene County had jurisdiction concurrent with

the Superior Court "of all persons charged with the commission of misdemeanors in Greene County." sec. 4, c. 406 P.L.L. 1915.

Since the county court for Greene County had jurisdiction to hear and determine the question of defendant's guilt, it follows that the Superior Court on appeal from the judgment rendered by that court had jurisdiction.

No error.