STATE v. OSCAR FRANKLIN BROADWAY.

(Filed 10 April 1963.)

1. **Criminal Law §§ 125, 173—**

A motion to vacate a judgment of conviction on the ground that thirteen jurors served on the jury at the trial is not a motion to vacate the judgment for newly discovered evidence, but is in the nature of a review of the constitutionality of the trial, G.S. 15-217, and the motion is properly denied upon findings, supported by evidence, that only twelve jurors served at the trial.

2. **Judgments § 6—**

A court of record has inherent power to amend its records and supply defects or omissions or correct mistakes to make its records speak the truth.

APPEAL by defendant from *Burgwyn, E.J.*, October 1962 Term of GREENE.

This is a criminal action. Defendant moved to vacate a judgment of Superior Court entered at a prior term and for a new trial on the ground of newly discovered evidence. The motion was overruled.

*Attorney General Bruton and Assistant Attorney General McGalliard for the State.*
*Charles L. Abernathy, Jr., for defendant.*

PER CURIAM. Defendant was tried at the December 1961 Term of the Superior Court of Greene County on a charge of drunken driving. He pleaded not guilty. The jury returned a verdict of guilty and judgment was pronounced. Defendant appealed. The appeal was heard at the Spring Term 1962 of Supreme Court, and the opinion, adjudging "No Error," was filed 28 March 1962. *State v. Broadway,* 256 N.C. 608, 124 S.E. 2d 568.

In preparing the case on appeal, the secretary of defendant's counsel copied the record proper from the minutes in the office of the clerk of Superior Court, and the clerk certified the record as copied. The record, as certified to Supreme Court, shows the names of thirteen jurors, among them, "Leon Letchworth, Lester Letchworth, Lester Hines" — in that order.

In apt time defendant filed in Superior Court a motion to vacate the judgment and for a new trial, alleging that thirteen jurors served on the jury at his trial. The motion came on for hearing at the October 1962 term of Superior Court.

Defendant offered affidavits and the testimony of several witnesses that thirteen jurors sat at the trial and returned the verdict, and that this fact was not called to the attention of counsel or the court during the progress of the trial or during the term for the reasons that affiants did not realize its legal effect.

At the hearing of the motion, the State procured the attendance of the trial jury, twelve persons — "Lester Letchworth" was not present. The clerk testified that only twelve jurors were impanelled and served at the trial. The sheriff testified that he had never heard of a person by the name of Lester Letchworth and no such name appeared on the tax books of the County. The name Lester Letchworth does not appear on the venire for the term at which defendant was tried, and it does not appear in the clerk's minutes of the trial. The names, "Leon Letchworth, Lester Hines," do appear as jurors in the minutes, consecutively and in that order. Leon Letchworth testified that he had no relative named Lester Letchworth and he did not know any such person.

The court found as a fact, among other things, that: ". . . (T)he name (Lester Letchworth) in the record prepared by the secretary of defendant's counsel . . . is placed between the name of Leon Letchworth and Lester Hines; . . . that the insertion of the name of Lester Letchworth . . . in the record that was sent to the Supreme Court . . .

was and is in fact a typographical error, made without any intention to do anything except transcribe the record. . . . Lester Letchworth was not a member of the jury which tried the case. . . . (S)o far as the investigation shows . . . there is no such person in Greene County, in December 1961 or now, as Lester Letchworth. . . ."

The court overruled the motion, and in this we find no error. The findings of fact are supported by competent evidence, and they support the judgment. This motion does not involve newly discovered evidence; it is in the nature of a review of the constitutionality of the trial. G.S. 15-217. That statute, however, is not strictly applicable. It is universally recognized that a court of record has the inherent power and duty to make its records speak the truth. It has the power to amend its records, correct the mistakes of its clerk or other officers of the court, or to supply defects or omissions in the record, and no lapse of time will debar the court of the power to discharge this duty. The action of the court in so doing is not subject to review. *State v. Cannon,* 244 N.C. 399, 94 S.E. 2d 339.

Affirmed.