L. J. STAMEY, ADMINISTRATOR OF THE ESTATE OF MARY JOHN BLACK STAMEY, DECEASED, v. SEABOARD AIRLINE RAILROAD COMPANY, JACK HERMAN TERRELL AND ERVIN LEE GRIGG.

(Filed 28 September, 1966.)

**Judgments § 6—**

Where the trial court, in the exercise of its discretion, enters an oral order during term and after hearing, setting aside the verdict on the ground that it was contrary to the greater weight of the evidence, the court has the power, in signing the minutes of the term some ten days thereafter and out of the county, to incorporate in the minutes his verbal order.

APPEAL by plaintiff from *Houk, J.,* at May 1966 Civil Term of LINCOLN Superior Court.

On 3 November, 1964, Mary John Black Stamey was riding as a passenger in a 1961 Chevrolet driven by Ervin Lee Grigg on rural paved road #1820 in Lincoln County. The car was struck by Seaboard Airline train No. 94 at a crossing, the defendant Jack Herman Terrell being the engineer operating the train. Mrs. Stamey was killed and her Administrator later brought suit against the Railroad and Terrell, as well as Grigg, to recover damages for her death. Upon pleadings filed the cause was tried at the January Term 1966 of Lincoln Superior Court, Hon. W. E. Anglin being the presiding Judge. The plaintiff took a voluntary nonsuit as to the defendant Grigg and used him as witness. The trial took approximately a week, and a verdict in favor of the plaintiff awarding $35,000 as damages was returned by the jury on Friday afternoon, 21 January, 1966. Upon the coming in of the verdict and after having the jury polled, the defendants moved to set the verdict aside as being against the greater weight of the evidence. The motion was fully argued before Judge Anglin, who granted the motion and ordered the verdict set aside. At that time the minutes of the term had not been typed and the order of Judge Anglin was made orally in open court and before its adjournment. Shortly afterwards the Judge adjourned the court for the term. On Wednesday, 2 February, 1966, the minutes of the term were signed by Judge Anglin who at that time was presiding at a term of court in Gaston County. The minutes contained the following entry in regard to this case: "Upon the return of the verdict, in open court, the defense counsel asked that the jury be polled. Each juror answered in the affirmative, whereupon counsel for the defendants Seaboard Air Line Railroad Company and Jack Herman Terrell moved the court to set aside the verdict and order a new trial on the grounds that the verdict was contrary to the greater weight of the evidence, and, after hearing arguments of

counsel for both plaintiff and defendants, the Court in its discretion allowed the motion and set aside the verdict upon the ground that it was against the greater weight of the evidence and ordered a new trial."

At the next (the April) term of the court in Lincoln County, at which Judge G. L. Houk presided, the plaintiff, after notice to the defendant, moved for judgment on the verdict for that no written order setting the verdict aside was signed by Judge Anglin before the adjournment of the January Term. At that hearing Judge Houk found the facts substantially as set forth above, denied the motion, and the plaintiff appealed.

There is no disagreement between the parties as to the above statement. The plaintiff contended that as a matter of law upon these facts he was entitled to judgment on the verdict.

*Don M. Pendleton, Sheldon M. Roper for plaintiff appellant.*
*Childs & Childs, Cansler & Lockhart for defendants, appellees.*

PER CURIAM. The only question presented here is whether or not the plaintiff is correct in the following statement from his brief: "It was not only the statutory duty of the Presiding Judge to make a written record of any ruling made orally by him setting aside the verdict of the jury in this case, but to see to it that such record was made during the term the case was tried and before its expiration. Such failure could not be cured by the making of a record out of the county and more than ten days after the term had expired."

We hold that this statement is incorrect, based upon many decisions of this Court, the most recent ones being: *S. v. Cannon,* 244 N.C. 399, 94 S.E. 2d 339; *Trust Co. v. Toms,* 244 N.C. 645, 94 S.E. 2d 806, and *Goldston v. Wright,* 257 N.C. 279, 125 S.E. 2d 462. G.S. 1-207 is not in conflict with this ruling, and G.S. 7-86 is not relevant here.

The following excerpt from *S. v. Broadway,* 259 N.C. 243, 130 S.E. 2d 337, is applicable here: "It is universally recognized that a court of record has the inherent power and duty to make its records speak the truth. It has the power to amend its records, correct the mistakes of its clerk or other officers of the court or to supply defects *or omissions in the record* (italics ours), and no lapse of time will debar the court of the power to discharge this duty."

Judge Anglin was authorized to set the verdict aside and no written order to that effect was required to be signed at the time, and Judge Houk's denial of judgment on the verdict was correct.

Affirmed.