### LEXIE SMITH v. CAPITAL COCA-COLA BOTTLING COMPANY.

(Filed 15 April, 1942.)

**1. Appeal and Error § 38—**

Where the Supreme Court is evenly divided in opinion, one Justice not sitting, as to whether error was committed in refusing defendant's motion for judgment as of nonsuit and its prayer for a directed verdict, the rulings of the lower court will be permitted to stand without becoming precedents.

**2. Evidence § 42f—**

Where the material allegations of the complaint are denied in the answer, the admission of the complaint in evidence is error entitling defendant to a new trial.

**3. Appeal and Error § 22—**

When the case on appeal has been settled by agreement, it is subject to correction only in a like manner.

**4. Same—**

The transcript imports verity, and the Supreme Court is bound thereby.

APPEAL by defendant from *Thompson, J.,* at November Term, 1941, of WAKE.

Civil action by ultimate consumer to recover of manufacturer or bottler damages resulting from drinking bottled beverage containing noxious substance.

On 4 March, 1938, the plaintiff purchased from a retail merchant in Varina, N. C., a bottle of Coca-Cola which had been manufactured or bottled and placed on the market by the defendant. The plaintiff testified that upon drinking the Coca-Cola he became violently ill and suffered from burns in his mouth and throat. It is alleged that the Coca-Cola contained sodium carbonate, a deleterious substance.

It is recited in the agreed statement of case on appeal that the plaintiff offered in evidence, "the summons in this action, dated 13 June, 1935, and the complaint filed on the same day." Objection by defendant; overruled; exception.

At the close of plaintiff's evidence, the defendant moved for judgment of nonsuit, which was overruled, and prayed for a directed verdict, which was denied. The defendant offered no evidence.

Verdict and judgment for plaintiff, from which the defendant appeals, assigning errors.

*Douglass & Douglass and Joyner & Yarborough for plaintiff, appellee.*
*A. J. Fletcher, Franklin T. Dupree, Jr., and Ehringhaus & Ehringhaus for defendant, appellant.*

STACY, C. J.   One member of the Court, *Schenck, J.*, not sitting, and the remaining six being evenly divided in opinion whether error appears in respect of the motion to nonsuit and the prayer for a directed verdict, these rulings are permitted to stand, accordant with the usual practice in such cases, without becoming precedents, and hence no recital of the evidence is deemed appropriate.   *Cole v. R. R.*, 211 N. C., 591, 191 S. E., 353.

There was error, however, in permitting the plaintiff to offer his complaint in evidence which entitles the defendant to a new trial.   *Lupton v. Day*, 211 N. C., 443, 190 S. E., 722.   The material allegations of the complaint were denied in the answer, and its admission in evidence was an inadvertence.

Plaintiff suggests an amendment to the record in this respect, pointing out that error seems apparent—the date of the summons patently so—and motion is lodged to this effect.   The case having been settled by agreement is subject to correction only in like manner.   *Gorham v. Ins. Co.*, 215 N. C., 195, 1 S. E. (2d), 569.   The transcript imports verity, and we are bound by it.   *S. v. Dee*, 214 N. C., 509, 199 S. E., 730.

The result is another hearing.

New trial.