## STATE v. ERNEST RAYMOND SETZER.

(Filed 27 March, 1946.)

**1. Criminal Law § 41h: Bigamy and Bigamous Cohabitation § 3—**

Conceding that in a prosecution for bigamous cohabitation, as in a prosecution for bigamy, the wife is competent to testify against the husband to prove the fact of marriage, G. S., 8-57, her testimony is limited to proof of the fact of marriage and any testimony by her as to other incriminating facts, such as testimony tending to show that they had not been divorced, is incompetent.

**2. Criminal Law § 85b—**

The mere fact that in an opinion of the Supreme Court certain testimony admitted in the lower court without objection is incorporated in the recitation of the State's evidence does not constitute a holding that such testimony is competent, the competency of the testimony not being presented or decided.

**3. Bigamy and Bigamous Cohabitation § 2—**

In a prosecution for bigamous cohabitation based upon a second marriage in another state, the State must prove by the evidence, beyond a reasonable doubt, each of the three essential elements of the offense: (1) Marriage of defendant to a spouse still living, (2) an unlawful contract of marriage in another state which would have been punishable as bigamous if contracted here, (3) cohabitation thereafter in this State with the party of the second marriage. G. S., 14-183.

**4. Marriage § 1—**

Marriage is the legal contract that makes a man and woman husband and wife and is also the status or relation of a man and a woman who have been legally united as husband and wife, which status continues during the joint lives of the parties or until divorce or annulment.

**5. Criminal Law § 77d—**

The Supreme Court is bound by the record as filed.

**6. Bigamy and Bigamous Cohabitation § 3—**

In a prosecution for bigamous cohabitation based upon a second marriage in another state, an admission by the State in reference to the second marriage that the parties thereto were "lawfully married" presupposes that they were capable of entering into a legal contract of marriage, and there being no competent evidence that the parties to the first

marriage had not been divorced or the marriage annuled, the evidence fails to establish the essential element of the offense that the second marriage in the other state would be a bigamous contract of marriage if entered into in this State. G. S., 14-183.

APPEAL by defendant from *Gwyn, J.,* at August Term, 1945, of CALDWELL.

Criminal prosecution upon indictment charging in substance that defendant, being married to Lois Moore Setzer who was then living and from whom he had not been divorced, did on 4 October, 1942, unlawfully, willfully and feloniously contract a marriage with one Claudia Earl Munday in Charleston, South Carolina, which would have been punishable as bigamous if contracted in North Carolina, and did thereafter cohabit with the said Claudia Munday Setzer in Caldwell County, North Carolina, against the form of the statute in such cases made and provided, etc.

For purpose of disposing of this appeal, it is sufficient to point out that the record and case on appeal disclose:

1. That the State was permitted to show through the testimony of Mrs. Lois Setzer, wife of defendant, over objection by defendant, not only that she was married to defendant on 20 June, 1935; but that they have three children; that she was still married to him on 4 October, 1942; that she had not been divorced from him; that she "put in twice to get a divorce," once in 1943 and again in 1945; that she started to get a divorce but dropped it; and that defendant has never served any divorce papers on her.

2. That after the State had offered in evidence "certified marriage license from the State of South Carolina, . . . of defendant and Claudia Earl Munday," dated 15 September, 1942, this admission appears: "It is admitted by the State and by the defendant, through his counsel, that the defendant, Ernest Raymond Setzer, and Claudia Earl Munday were legally married in the State of South Carolina on the date shown in said marriage license and certificate."

3. That after defendant was arrested in this case he said to Deputy Sheriff White that "he was not married to this woman, Claudia Munday . . . that he had married her but that an annulment had been gotten right away after the marriage"; and that this statement was elicited as evidence through the testimony of the Deputy Sheriff as witness for the State.

4. That the State offered evidence for the purpose of showing, and which it contends is sufficient to show that defendant and Claudia Munday cohabited in Caldwell County, North Carolina, after their marriage in South Carolina.

5. That defendant and his wife Lois Setzer were living together as husband and wife at the time of the trial of this case in Superior Court.

Verdict: Guilty.

Judgment: "That defendant be confined in the State Prison at Raleigh for a term of six years. Commitment to issue to put into effect four years of the term. The remainder of the term, to wit, two years, is suspended for a period of five years, upon the following conditions," etc.

"To the judgment and rendition thereof the defendant in apt time objects and excepts and appeals to the Supreme Court," and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*Max C. Wilson and Mull & Patton for defendant, appellant.*

WINBORNE, J. A decision on this appeal presents two questions for determination:

1. Was Lois Setzer, the wife of defendant, competent to testify against him upon indictment charging him with bigamous cohabitation with another woman?

2. Upon the evidence offered on the trial below, taken in the light most favorable to the State, was defendant entitled to judgment as of nonsuit?

As to the first: The statute, G. S., 8-57, by which the husband or the wife of defendant, in all criminal actions or proceedings is declared to be a competent witness *for the defendant,* provides, in so far as pertinent to this appeal, that "nothing herein shall render any husband or wife competent or compellable to give evidence *against each other* in any criminal action, except to prove the fact of marriage in case of bigamy." See *S. v. Melton,* 120 N. C., 591, 26 S. E., 933.

In this connection if it be conceded that since bigamy and bigamous cohabitation as defined by the General Assembly of North Carolina, are incorporated in one statute, G. S., 14-183, captioned "bigamy," the two are of such kindred nature as to render the wife of defendant a competent witness against him in prosecution of him for bigamous cohabitation, to prove the fact of marriage, as in a prosecution upon indictment charging bigamy, the testimony of Mrs. Lois Setzer, wife of defendant, went far beyond this statutory provision. Hence, under the statute her testimony, other than as to the fact of her marriage to defendant, is incompetent, and should have been excluded, and the jury should not have been permitted to consider it as evidence.

It is appropriate to note here that the testimony of Mrs. Lois Setzer in this case is strikingly similar to that of the wife of defendant, Mrs.

O. B. Williams, given in the trials in Superior Court of the case of *S. v. Williams,* 220 N. C., 445, 17 S. E. (2d), 769, 317 U. S., 287, 87 L. Ed., 279, 63 S. Ct., 207, 14 A. L. R., 1273; 222 N. C., 609, 24 S. E. (2d), 256, and 224 N. C., 183, 29 S. E. (2d), 744, 324 U. S., ......, 89 L. Ed., 1123. And the fact that in the opinion of this Court on the first appeal, the testimony of Mrs. O. B. Williams was incorporated as a part of the State's evidence offered on the trial in Superior Court, may have led to the admission of the testimony of Mrs. Lois Setzer, wife of defendant, to which exception is taken in the present action. Hence, it is now pointed out that the testimony of Mrs. O. B. Williams in the *Williams case, supra,* was admitted without objection, and no question was raised either in the Superior Court or in this Court, as to her competency to so testify as a witness *against her husband.* Therefore, the inclusion of her testimony in the statement of evidence in that case is not to be taken as holding that she was competent to testify against her husband as to any fact other than the fact of her marriage to him. The question now presented was not presented or decided in that case.

As to the second question: The statute, G. S., 14-183, under which defendant stands indicted, after having provided that "if any person, being married, shall marry any other person during the life of the former husband or wife, every such offender . . . shall be guilty of a felony," provides in pertinent part that "If any person being married, shall contract a marriage with any other person outside of this State, which marriage would be punishable as bigamous if contracted within this State, and shall thereafter cohabit with any such person within this State, he shall be guilty of a felony and shall be punished as in cases of bigamy."

The statute further provides that "Nothing contained in this section shall extend . . . to any person who at the time of such second marriage shall have been lawfully divorced from the bonds of the first marriage; nor to any person whose former marriage shall have been declared void by the sentence of any court of competent jurisdiction."

In the present prosecution upon the bill of indictment the burden was upon the State to prove by the evidence, beyond a reasonable doubt, each element of the offense, that is, to prove (1) the marriage of the defendant to Lois Moore Setzer, who was then living; (2) an unlawful contract of marriage with Claudia Earl Munday in South Carolina, which would have been punishable as bigamous, if contracted in North Carolina, and (3) cohabitation thereafter in this State with the said Claudia Munday Setzer.

Marriage is the legal contract that makes a man and a woman husband and wife. It is also the legal status of husband and wife. And it is defined as the status or relation of a man and a woman who have been

legally united as a husband and wife. Ordinarily the status of marriage continues during the joint lives of the parties or until divorce or annulment. 35 Am. Jur., pp. 180 and 184, Marriage, sections 1 and 7.

Applying these principles to the present case, the admission by the State and by the defendant that the defendant and Claudia Earl Munday were legally married in the State of South Carolina presupposes that they were capable of entering into a legal contract of marriage, that is, that neither of the parties was then legally married to any other person. And excluding the testimony of Mrs. Lois Setzer, wife of defendant, as to the matters to which she was an incompetent witness, there is no evidence in the record which controverts the above admission made in open court.

It is argued here that the admission made by the State relates only to the form of the ceremony by which the defendant and Claudia Earl Munday were united in marriage in South Carolina. It may be conceded that the agreement goes beyond the intent of the solicitor. However, the language used in the admission hardly admits of any contraction. We are bound by the record as it comes to us. See *S. v. Dee,* 214 N. C., 509, 199 S. E., 730; *McGuinn v. High Point,* 217 N. C., 449, 8 S. E. (2d), 462; *S. v. Starnes,* 220 N. C., 384, 17 S. E. (2d), 346; *Smith v. Bottling Co.,* 221 N. C., 202, 19 S. E. (2d), 626; *In re Will of Lomax,* 225 N. C., 31, 35 S. E. (2d), 876, and cases cited.

Hence, in the light of applicable principles applied to the case as it comes to us, the State has failed to offer evidence sufficient to take the case to the jury on the essential element of a contract of marriage between defendant and Claudia Earl Munday in South Carolina, which would be a bigamous contract of marriage if entered into in this State.

This disposition of the case renders it unnecessary to pass upon: (1) The effect of the statement of defendant as to the annulment of the South Carolina marriage, or (2) question as to sufficiency of evidence as to cohabitation between defendant and Claudia Earl Munday in Caldwell County, North Carolina, to take the case to the jury, or (3) exception to the form of judgment rendered in this case.

The judgment below is

Reversed.