STATE v. DELOS AVERN HILL, JR.

(Filed 14 January, 1955.)

**Bigamy and Bigamous Cohabitation § 3:  Criminal Law § 39c—**

In a prosecution for bigamous cohabitation, the wife is competent to testify against her husband to prove the fact of marriage, but she is not competent to give testimony as to the absence of a divorce, and the admission of her testimony in regard thereto is prejudicial.   G.S. 8-57.

APPEAL by defendant from *Fountain, Special J.,* March-April 1954 Criminal Term of DURHAM.

Criminal prosecution on bill of indictment charging bigamous cohabitation, under G.S. 14-183.   Defendant pleaded Not Guilty.

The State offered as its witness the alleged first wife of defendant. She was permitted to testify, over objections by defendant, not only that she and defendant were married in Danville, Virginia, on 4 August, 1947,

but to the place and duration of their cohabitation pursuant thereto, and also that since their marriage there had been no divorce proceedings commenced by her, and that she had never heard of any divorce action her husband had started and had not been served with papers in any such divorce action.

The jury returned a verdict of Guilty as charged. Thereupon, the court pronounced judgment, from which defendant appeals, assigning as error the admission of the testimony stated above.

*Attorney-General McMullan and Assistant Attorney-General Love for the State.*

*Spears & Spears for defendant, appellant.*

PER CURIAM. G.S. 8-57, since the 1951 amendment, provides expressly that a wife is a competent witness against her husband in a criminal prosecution for bigamous cohabitation under G.S. 14-183 "to prove the fact of marriage." Here the wife's testimony goes beyond the prescribed limit. This is conceded by the Attorney-General.

In *S. v. Setzer*, 226 N.C. 216, 37 S.E. 2d 513, this Court, conceding, without deciding, that G.S. 8-57, before the 1951 amendment, made the wife a competent witness "to prove the fact of marriage" in a prosecution for bigamous cohabitation as well as in a prosecution for bigamy, construed the statute as meaning (1) that she was a competent witness only to facts tending to show that she and defendant had been legally married, and (2) that her testimony beyond this limit, *e.g.*, as to absence of divorce proceedings wherein she was plaintiff or defendant, was incompetent. It is noteworthy that the 1951 amendment (Ch. 296, Session Laws of 1951) of G.S. 8-57 did not in any way enlarge the meaning of the phrase, "to prove the fact of marriage," as construed in the *Setzer case*.

Should G.S. 8-57 be amended so as to facilitate prosecutions for bigamy and bigamous cohabitation by making the wife a competent witness against her husband to prove (1) that she and defendant had been legally married, and (2) that they are now legally married, *i.e.*, facts within her knowledge tending to show the absence of divorce proceedings wherein she was plaintiff or defendant? This is a question for consideration by the General Assembly.

Under G.S. 8-57, as construed in the *Setzer case*, incompetent evidence, prejudicial to defendant, was admitted, necessitating a

New trial.