STATE OF NORTH CAROLINA v. WILLIAM FLOYD HICKMAN
No. 68SC9

(Filed 23 October 1968)

**1. Criminal Law § 154—    case on appeal — duties of solicitor and defense counsel**

It is the duty of the appellant to prepare and serve on the solicitor what he contends makes up the record on appeal; if the solicitor disagrees with the defendant's record on appeal, he can except thereto and serve on the defendant a counterstatement; if the solicitor and counsel for defendant do not agree upon a record on appeal, the judge who tried the case is required to settle it. G.S. 1-282; G.S. 1-283; G.S. 15-180.

**2. Criminal Law § 157—    necessary parts of record on appeal**

The record on appeal should consist of a plain, accurate and concise statement of what the record shows occurred in the trial court. Rule of Practice in the Court of Appeals No. 19.

**3. Criminal Law § 154;    Attorney General;    Solicitor—    case on appeal — duties of Attorney General and solicitor**

Under our system of criminal appellate practice, the solicitor is charged with the responsibility of determining the correctness of the record on ap-

peal, but the Attorney General is charged with the duty of defending all actions in the Appellate Division in which the State shall be interested or is a party; consequently, the Attorney General has no voice in preparation of the record on appeal but must take it as he finds it, even if it fails to reflect what actually occurred on trial. N. C. Constitution, Art. III, § 13; G.S. 114-2 (1967 Supp.)

**4. Criminal Law § 158— conclusiveness of record on appeal**

The record imports verity and the Court of Appeals is bound thereby.

**5. Criminal Law § 160— correction of record on appeal**

When the solicitor approves a defendant's record on appeal, it is not thereafter subject to correction except when on the face thereof the contents of the record relating to the questions raised on appeal are so contradictory and inconsistent as to be irreconcilable, in which event the Court of Appeals has the inherent power in the interest of justice to remand the case to the trial tribunal for correction.

**6. Criminal Law §§ 146, 158— Court of Appeals — exercise of inherent power — contradictions in record on appeal**

Where parts of the record on appeal contradict other parts as to the circumstances surrounding defendant's pleas of guilty and *nolo contendere* and as to matters relating to defendant's opportunity to cross-examine the State's witnesses and to present evidence in his own behalf, the Court of Appeals in the exercise of its inherent power orders that the pleas of defendant and the judgments imposed thereon be stricken and that defendant be granted a new trial.

APPEAL by defendant from *Bickett, J.,* First October 1967 Regular Criminal Session of Superior Court of WAKE County.

The defendant, who was not at that time represented by counsel, was tried in the City Court of Raleigh on three warrants, each charging him with a misdemeanor. Upon conviction in the city court and the judgments imposed, the defendant appealed to the Superior Court of Wake County.

In the superior court on 13 October 1967, again without counsel, the defendant, in writing, tendered a plea of *nolo contendere* to the two misdemeanors of damage to personal property and assault. The defendant, in writing, also pleaded guilty to the misdemeanor of public drunkenness. On 13 October 1967 the court imposed judgment thereon.

On 17 October 1967 Judge Henry L. Stevens, Jr., pursuant to a letter he received from the defendant on 17 October 1967, in which the defendant stated his desire to appeal, to have bond fixed, and to have counsel appointed to perfect and present his appeal, entered an order directing that the clerk of court furnish the defendant copies of the record of his pleas, fixing "his stay bond" at $500 and

appointed Bruce McDaniel to prepare and present the defendant's case on appeal.

Thereafter on 3 November 1967, pursuant to a letter he received from the defendant on 3 November 1967, Judge Bickett entered an order in almost identical language and the same in substance as that entered by Judge Stevens on 17 October 1967.

There was no affidavit of indigency filed as a basis for either of these orders of Judge Stevens or Judge Bickett.

Thereafter on 4 January 1968, the defendant filed an affidavit asserting indigency, and on 5 January 1968 Judge Bickett again appointed L. Bruce McDaniel, of the firm of Crisp, Twiggs & Wells, to represent the defendant in perfecting his appeal. In this order Judge Bickett, as provided by law, ordered Wake County to pay for the cost of the printing of the transcript and defendant's brief.

The defendant had, under date of 14 November 1967, through his attorney Mr. McDaniel, tendered his statement of record on appeal. Under the same date the assistant solicitor for the State accepted service of the record on appeal and on the same date signed the following stipulation: "It is stipulated and agreed that the foregoing shall constitute the case and record on appeal to the Court of Appeals of North Carolina." This record on appeal was filed in the Court of Appeals on 8 January 1968.

*Attorney General T. W. Bruton and Deputy Attorney General Harry S. McGalliard for the State.*

*Crisp, Twiggs & Wells by L. Bruce McDaniel for defendant appellant.*

MALLARD, C.J.

[1]    At the outset it should be mentioned that under the laws of the State of North Carolina, it was the duty of the appellant in this case to prepare and serve on the solicitor of the district what the defendant contends makes up the record on appeal. G.S. 1-282; G.S. 15-180.

[2]    The record on appeal should consist of a plain, accurate, and concise statement of what the record shows occurred in the trial court, compiled and presented in the order prescribed and pursuant to Rule 19 of the Rules of Practice in the Court of Appeals of North Carolina. See also *Cressler v. Asheville,* 138 N.C. 482, 51 S.E. 53.

[1]    Under the provisions of G.S. 1-282, if a solicitor does not

agree with the defendant's record on appeal, he can except thereto and serve on the defendant a counterstatement of the record on appeal. Then, if the solicitor and counsel for the defendant do not agree on the record on appeal, the judge who tried the case is required to settle the record on appeal as provided by law. G.S. 1-283.

[3]    It should also be mentioned that the solicitor who tries the case in the superior court does not prosecute the case on appeal in the Appellate Division. The Attorney General of North Carolina under the statutes now in effect is charged with, among other things, the duty of defending all actions in the Appellate Division in which the State shall be interested or is a party. N. C. Const., Art. 3, § 13; G.S. 114-2 (1967 Supp.). Thus, it is seen that the Attorney General has no voice in the preparation of the record on appeal but must take it as he finds it. However, the solicitor, who is not charged with the duty of prosecuting the case on appeal, is charged with the responsibility of determining whether a defendant inserts something in the record on appeal that did not occur in the trial court. If the solicitor does not properly attend to this responsibility, then the record on appeal may reflect what a defendant wants it to show instead of what actually occurred.

[4, 5]    Regardless of what may actually have occurred during the trial of a case, the appellate court is bound by the contents of the record on appeal. The record imports verity and the Court of Appeals is bound thereby. When a solicitor approves a defendant's record on appeal, it becomes the record on appeal and is not thereafter subject to correction, except when on the face thereof the contents of the record relating to the questions raised on appeal are so contradictory and inconsistent as to be irreconcilable and the Court of Appeals finds that justice requires a correction, in which event the Court has the inherent power to remand the case to the trial tribunal for correction. *State v. Old*, 271 N.C. 341, 156 S.E. 2d 756. "Courts have inherent power to effectuate the functions and duties imposed upon them in criminal as well as in civil matters, although perhaps not to the same extent in criminal as in civil matters." 20 Am. Jur. 2d, Courts, § 78, p. 440. "Courts have inherent power to do all things that are reasonably necessary for the administration of justice within the scope of their jurisdiction." 20 Am. Jur. 2d, Courts, § 79, p. 440.

[6]    In the case under consideration, part of the record on appeal contradicted other parts. Upon the argument in this Court, counsel for defendant stated orally that the assistant solicitor had signed the defendant's proposed record on appeal in order to accept service

thereof and not to stipulate as to the correctness thereof. However, the solicitor did not file exception to the defendant's statement of the record on appeal.

On 28 February 1968 this Court remanded the case to the Superior Court of Wake County for the judge to settle the record on appeal "and if need be to correct the record so that it will speak the truth."

At the trial defendant signed the following sworn statement with respect to his written plea:

"The defendant, being sworn, makes the following answers to the Court:

(1) Are you able to hear and understand my statements and questions?

ANSWER: Yes.

(2) Are you now under the influence of any alcohol, drugs, narcotics or other Pills?

ANSWER: No.

(3) Do you understand that you are charged with the misdemeanor of Public Drunkenness; Assault and Damage to personal property?

ANSWER: Yes.

(4) Do you understand that you have the right to plead not guilty and to be tried by a Jury?

ANSWER: Yes.

(5) How do you plead to these charges:

ANSWER: Plead Guilty to Public Drunkenness & Nolo Contendere.

(6) Are you in fact guilty and do you desire to plead nolo contendere?

ANSWER: Yes.

(7) Do you understand that upon your pleas of guilty and nolo contendere you could be imprisoned for as much as 20 days for public drunkenness, 30 days for assault on officer and 2 years for Damage to property?

ANSWER: Yes.

(8) Has the Solicitor, or any policeman, law offcer or anyone

else made any promise to you to influence you to plead guilty and nolo contendere in this case?

ANSWER: No.

(9) Has the Solicitor, or any policeman, law officer or anyone else made any threat to you to influence you to plead guilty and nolo contendere in this case?

ANSWER: No.

(10) Have you had time to subpœna witnesses desired by you, and are you ready for trial?

ANSWER: Yes.

(11) Do you now, freely, understandingly and voluntarily authorize and instruct the Court to enter a plea of guilty and nolo contendere?

ANSWER: Yes.

I have read or heard read all of the above questions and answers and understand them, and the answers shown are the ones I gave in open Court and they are true and correct.

William F. Hickman

DEFENDANT

Subscribed before me, this 13 day of October, 1967.

William Y. Bickett

JUDGE, SUPERIOR COURT OF WAKE COUNTY."

Thereafter the court made appropriate findings based on the written plea among which appears the following:

"The undersigned Presiding Judge hereby finds and adjudges:

I. That the above named defendant in open Court and the questions asked him as set forth in the Transcript of Plea, and the answers given thereto by said defendant are as set forth therein;

II. That the defendant, William Floyd Hickman, plead guilty to Public Drunkenness and entered a plea of Nolo Contendere to Damage to Personal Property and Assault as charged in the warrants, and in open court, further informs the Court that:

(1) He is and has been fully advised of his rights and the charges against him;

(2) He is and has been fully advised of the maximum punish-

ment for said offense charged, and for the offense to which he pleads guilty and nolo contendere;

(3)   He is guilty of the offense to which he pleads guilty;

(4)   He authorizes the Court to enter a plea of guilty and nolo contendere to said charge(s);

(5)   He has had ample time to confer with and to subpœna witnesses desired by him;

(6)   He is ready for trial;

And after further examination by the Court, the Court ascertains, determines and adjudges, that the plea of guilty and nolo contendere by the defendant is freely, understandingly and voluntarily made, and was made without undue influence, compulsion or duress, and without promise of leniency. It is therefore ORDERED that his plea of guilty and nolo contendere be entered in the record, and the Transcript of Plea and Adjudication be filed and made a part of the record.

This the 13th day of October, 1967.

William Y. Bickett
JUDGE PRESIDING."

There appears in another part of the record on appeal what is entitled a "Statement Of Record On Appeal" which reads as follows:

"Upon arraignment of the Defendant in the Wake County Superior Court on October 13, 1967, he was, at that time, asked how he pleaded to the charges. He replied that he pleaded guilty to public intoxication and nolo contendere as to the charges of assault on an officer and damage to personal property. The trial Court thereupon proceeded to ask some questions concerning the nature of these pleas; and the defendant, getting the impression that he was to answer these questions with properly indicated answers, did answer such of the trial Court's questions as he (the Defendant) understood.

Immediately after this questioning, the defendant was directed to sign a blank Transcript of Plea. The defendant did sign this form in blank; and the form, when later completed, was included in the official documents of this record and is included herein as part of the record proper.

The defendant did not understand the nature of his pleas of nolo contendere and believed such pleas to by synonymous with, or

in the nature of, pleas of not guilty, rather than pleas of guilty. Moreover, the defendant is of limited education, having gone no further in school than the third grade. In addition, the defendant suffers from gran-mal (sic) epilepsy, which is a chronic form of this disease and was, upon the date of his arraignment, confused and unintelligible due to the fact that he was, at that time, under the influence of medicine and drugs prescribed for the treatment of such disease.

The failure of the trial Court to adequately advise the defendant of the nature and effect of the pleas of nolo contendere, especially in light of the defendant's ignorance and confused mental condition due to medicine and drugs at the time of such arraignment, constitutes DEFENDANT APPELLANT'S EXCEPTION #1.

After the defendant executed the Transcript of Plea, the trial Court then proceeded to pronounce judgment upon the defendant. No evidence whatsoever was heard on behalf of the State. This constitutes DEFENDANT APPELLANT'S EXCEPTION #2.

This, of course, also denied the defendant his opportunity to cross-examine witnesses for the State. This constitutes DEFENDANT APPELLANT'S EXCEPTION #3.

The defendant had no opportunity to present evidence in his own behalf, even in mitigation and extenuation, notwithstanding the fact that the Superior Court's minutes indicate that the defendant was heard from prior to the pronouncement of judgment by the Court. This constitutes DEFENDANT APPELLANT'S EXCEPTION #4.

Also, notwithstanding the fact that the minutes of the Superior Court indicate that the proceedings were reported, the proceedings were not, in fact, reported; and, for that reason, there is and can be no transcript of the proceedings. This constitutes DEFENDANT APPELLANT'S EXCEPTION #5.

Because of the facts noted and discussed hereinabove, the defendant was denied his right to a fair trial, as provided by the laws of the United States and of the State of North Carolina. This constitutes DEFENDANT APPELLANT'S EXCEPTION #6."

Even a casual reader of that portion of the "stipulated" record on appeal entitled "Statement Of Record On Appeal" (hereinafter referred to as "Statement"), could see that it purports to be a part of what occurred at the trial and not the defendant's contentions. The defendant in his brief refers to his exceptions set out therein as error. The casual reader would also see that this "Statement" does

not have a factual basis in any other part of the record, other than what it contains. This "Statement" proves itself by itself with the solicitor's "stipulation" as to its correctness or his failure to file exceptions thereto.

The seventh and eighth paragraphs of the "Statement" also contradict what they relate the minutes of the court reveal.

The judge found that the plea of guilty and *nolo contendere* was freely, understandingly and voluntarily made; the "Statement" contradicts this as it relates that the defendant did not understand his pleas, that he believed such to be in the nature of pleas of not guilty.

The written plea shows that the defendant stated he was not under the influence of any drugs, and the judge found after examination of the defendant that he understandingly entered his pleas; the "Statement" contradicts this and relates that upon the date of his arraignment, the defendant was confused and unintelligible due to the fact that he was, at that time, under the influence of medicine and drugs prescribed for him.

The court found that the defendant was fully advised of his rights and the charges against him and of the maximum punishment for the offenses charged and for the offense to which he pleads guilty and *nolo contendere;* the "Statement" contradicts this finding by referring to "the failure of the the trial court to adequately advise the defendant of the nature and effect of the pleas of *nolo contendere."*

The court found that the defendant had ample time to confer with and subpœna witnesses desired by him and that he was ready for trial; the "Statement" refutes this when it relates that no evidence was heard on behalf of the State and that the defendant had no opportunity to cross-examine witnesses or to present evidence in his own behalf, even in mitigation and extenuation.

On 12 July 1968 there was filed an "Addendum" (not a correction) to the record on appeal, and this further tends to confuse the record contained in the "Statement" when it relates that after the court took the defendant's "Transcript of Plea" and rendered its "Adjudication," the court heard from the solicitor, William G. Ransdell, Jr., "who, with the consent of the defendant, given in open court, stated the evidence in the case." In the addendum the evidence thus stated is set out in narrative form.

The addendum also contains the statement that the court heard from the defendant, who asked for leniency but did not contest the evidence, and it was after this that the court pronounced judgment.

This addendum to the record was stipulated to by defendant's attorney and an assistant solicitor for the State under date of 10 July 1968. It did not comply with the order of remand dated 28 February 1968 in that the judge of the superior court did not settle the record on appeal as directed to do. Thereafter, this Court ordered that the cause be remanded to the Superior Court of Wake County for compliance with its order of 28 February 1968.

Thereafter on 4 September 1968, there was filed an order signed by Judge Bickett, under date of 16 August 1968, reading as follows:

"This cause coming on to be heard before the Honorable William Y. Bickett who was the Judge presiding at the 1st October 1967 Regular Criminal Session at which the case of the State vs. William Floyd Hickman, Wake County Superior Court Docket Number 14345, was originally heard, and it appearing to the court that the foregoing attached statement of the case, record proper, and statement of the record on appeal are proper and accurate.

IT IS HEREFORE ORDERED, ADJUDGED AND DECREED that the foregoing attached shall constitute the case and record on appeal."

There is no way to determine what the judge meant in his order by "the foregoing attached" as this is the only part of this record that was marked filed on 4 September 1968. This Court is also unable to determine what the trial court referred to as "proper and accurate." The other part of the addendum to the record is marked filed 12 July 1968, and the original record is marked filed 8 January 1968.

Some time after 4 September 1968, there was placed in the original files in this case an instrument, not marked "filed" but with the names of defendant and an assistant solicitor for the State signed thereto, purporting to be another stipulation which attempts to interpret the foregoing order of Judge Bickett and to change the stipulation in the addendum to the record. This purported stipulation is not in the records herein; however, it reads as follows:

"For the purposes of clarification, it is hereby stipulated and agreed that the Statement of Record on Appeal which was filed in the Court of Appeals on July 12, 1968, is a substitute for the original Statement of Record on Appeal. The Statement of Record on Appeal which was filed on July 12, 1968 was intended as a substitute for and not an addemdum (sic) to the original Statement of Record on Appeal, and it was this Statement of Record on Appeal filed July 12, 1968 which the Honorable Wil-

liam Y. Bickett, Resident Judge of the Tenth Judicial District, read and settled as being the proper Statement of Record on Appeal in his Order of August 16, 1968."

In view of the inconsistencies and contradictions in this record, we cannot determine what the true record is. Therefore, in the exercise of the inherent power of the Court, the pleas entered by the defendant in this case and the judgments imposed thereon are ordered stricken, and the defendant is granted a

New trial.

CAMPBELL and MORRIS, JJ., concur.