STATE OF NORTH CAROLINA v. MILTON EDGAR WRAY

No. 7727SC769

(Filed 4 April 1978)

**Criminal Law § 160— contradiction in record on appeal—addition to record properly allowed**

Where the statement in the record on appeal that there was no answer to the questions asked the jury by the trial judge in taking the verdicts was inconsistent with and contradictory to the recitals in the judgment entered by the trial court, the Court of Appeals could add new matter to the original record on appeal for the purpose of correcting the contradiction in the original record on appeal, particularly since the Court of Appeals had remanded the case to the trial court for the purpose of determining whether there was an answer to the trial court's questions by the jury foreman which the trial court heard or observed, all parties involved had notice of the issues and an opportunity for appearance and hearing on the issues, and the parties filed with the Court of Appeals supplemental briefs on those issues.

APPEAL by defendant from *Thornburg, Judge.* Judgments entered 26 April 1977, in Superior Court, CLEVELAND County. Heard in the Court of Appeals 19 January 1978.

Defendant was charged and found guilty of (1) speeding 66 miles per hour in a 55 mile per hour zone, and (2) resisting arrest. He appeals from judgments imposing consecutive jail terms.

The evidence for the State tends to show that on 26 June 1976, about 1:15 a.m., State Trooper Bennett clocked with radar an approaching car on State Highway No. 226 at 66 miles per hour, then pursued and stopped it. Defendant was driving. He had an odor of alcohol. Trooper Bennett placed defendant under arrest, but, as he was attempting to place defendant in the patrol car defendant ran into the woods. The trooper had another person in custody and could not pursue defendant. Based upon information on the driver's license that Trooper Bennett obtained from defendant, a warrant was issued for his arrest.

Defendant and his father testified that defendant was at home, that defendant's brother, Edgar, Jr., had borrowed the car at 7:30 p.m. Edgar, Jr. called about 1:00 a.m. and told them he had abandoned the car on Highway No. 226; that Edgar, Jr. looks like defendant.

Defendant also was charged with driving a motor vehicle on a public highway while under the influence of intoxicating liquor, but the jury found him not guilty of that charge.

*Attorney General Edmisten by Special Deputy Attorney General Ann Reed for the State.*

*Assistant Public Defender F. Douglas Canty for defendant appellant.*

CLARK, Judge.

We first consider the defendant's contention that the verdicts were insufficient to support the judgments. In considering this assignment of error we noted that the record on appeal relating to the verdicts and judgments reveals that the trial judge rejected the verdicts first returned by the jury and then proceeded to take the verdicts by asking questions correctly worded to insure proper verdicts. The record further reveals that there was no answer to these questions, but that, thereupon, the trial judge imposed judgments as though the questions had been answered in the affirmative. The judgment rendered in Case No. 76CR6582 recites the following: "Having been found guilty of the offense of speeding 66 m.p.h. in a 55 m.p.h. zone . . . ." The judgment rendered in Case No. 76CR6585 recites the following: "Having been found guilty of the offense of resisting arrest . . . ." In view of the apparent contradictions in the record, this Court on 13 February 1978, entered the following order:

"The record on appeal, pages 30 and 31, discloses the following:

'THE VERDICT

(The jury returns into the courtroom at 5:31 p.m.)

[THE CLERK: Would the jurors stand, please. (The jurors stand.) Would the foreman speak for the jury. Ladies and gentlemen of the jury, have you agreed upon an unanimous verdict?

THE FOREMAN: We appointed a foreman. We didn't have one Court-appointed, and we got together and appointed me spokesman, and we come to the conclusion that he was guilty of speeding and resisting.

THE COURT: All right, let the Clerk take your verdict. As to the—I'll go ahead and take it. Members of the jury, as to 76-CRS-6582 wherein the defendant, Milton Edgar Wray, is charged with speeding sixty-six miles per hour in a fifty-five miles-per-hour zone, do you find the defendant guilty as charged or not guilty?

THE FOREMAN: We find him guilty of speeding.

THE COURT: Guilty as charged of speeding sixty-six miles per hour in a fifty-five miles-per-hour zone?

THE FOREMAN: (No answer.)

THE COURT: All right, now, in 76-CRS-6585, *State v. Milton Edgar Wray*, wherein the defendant stands charged with resisting an officer, do you find the defendant guilty as charged or not guilty?

THE FOREMAN: We find him guilty of resisting.

THE COURT: Guilty as charged of resisting an officer?

THE FOREMAN: (No answer.)

THE COURT: These two verdicts are your verdicts, Members of the Jury, so say you all?

THE JURORS: Yes.'

It appears from the record that the foreman of the jury made no answer to the two questions of the trial court which would have been determinative of whether proper verdicts were returned by the jury, but that the trial court thereafter proceeded to judgment on both charges as though the jury had answered 'Yes' to the aforesaid questions.

Though the parties agreed to the record on appeal, the contradiction in, or possible omissions from, the record on appeal are such that we remand to the trial court for its determination of whether there was an answer to the said questions by the foreman of the jury which the trial court heard, or whether the questions were answered by sign, gesture or other conduct.

IT IS, THEREFORE, ORDERED that if the trial court cannot make such determination, this Court shall be so notified; that if the trial court does make such determination, the added record on appeal shall be settled by the trial court and the same shall be certified by the clerk, filed in this court and added to the record on appeal without printing.

The parties may elect to file supplemental briefs relating only to issues raised by the added record, the appellant within 10 days after the added record is docketed in this court and the appellee within 10 days after the appellant's brief has been served on appellee. If filed, the briefs shall not be printed. The case will be disposed of without oral argument.

In addition to transmitting a copy of this Order to the Clerk of Superior Court of Cleveland County, to F. Douglas Canty, Assistant Public Defender, 15 S. Washington Street, Shelby, North Carolina 28150, Telephone: 704/482-8928, and to W. Hampton Childs, District Attorney, Lincoln County Courthouse, Lincolnton, North Carolina 28092, Telephone: 704/735-2232, it is directed that a copy of this Order be mailed directly to the trial judge, The Honorable Lacy H. Thornburg at his home address."

On 20 February 1978, a certified Order and Affidavits were filed in this Court as follows:

## "ORDER

THIS CAUSE coming on to be heard before the undersigned Trial Judge Presiding pursuant to Order of the North Carolina Court of Appeals entered in cases above entitled, 76-CR-6582 and 76-CR-6585; and the Court having personal recollection of the event inquired about in the Order of the North Carolina Court of Appeals, it is the Order of the Court that case on appeal shall be settled as follows:

QUESTION:

THE COURT: Guilty as charged of speeding 66 miles per hour in a 55 miles per hour zone.

ANSWER:

THE FOREMAN: Yes (Remaining jurors answering Yes or nodding in the affirmative.)

QUESTION:

THE COURT: Guilty as charged of resisting an officer.

ANSWER:

THE FOREMAN: Yes (Remaining jurors answering Yes or nodding in the affirmative.)

The Court finding as fact that the questions were answered as above set forth with the Foreman of the Jury answering Yes and all remaining jurors either answering Yes or nodding affirmatively to indicate their assent to the verdict rendered by the Foreman.

Added to this Order by way of affidavit is an affidavit of the Assistant District Attorney indicating his recollection of the event and an affidavit of defense counsel if he has an independent recollection of what occurred.

This Order, together with accompanying affidavit or affidavits shall constitute an addendum to the record as certified by the Assistant Clerk of Superior Court.

Done in Chambers in Charlotte, North Carolina, in the presence of W. H. Childs, District Attorney of the 27-B Prosecutorial District, Douglas Canty, defense attorney, and William L. Morris, Assistant District Attorney.

This the 16th day of February, 1978.

s/ Lacy H. Thornburg
Presiding Superior Court Judge"

"AFFIDAVIT

I, William L. Morris, Assistant District Attorney, 27-B, State of North Carolina depose and say:

1. That I was the Prosecuting Attorney in the above entitled cases, 76 CRS 6582 and 76 CRS 6585 and having a personal recollection of the event inquired about in the Order of

the North Carolina Court of Appeals having been personally present at the time I remember the following:

QUESTION:

THE COURT: Guilty as charged of speeding 66 miles per hour in a 55 miles per hour zone.

ANSWER:

THE FOREMAN: Yes (Remaining jurors answering Yes or nodding in the affirmative.)

QUESTION:

THE COURT: Guilty as charged of resisting an officer.

ANSWER:

THE FOREMAN: Yes (Remaining jurors answering Yes or nodding in the affirmative.)

This the 17th day of February, 1978.

(Verified)"

"AFFIDAVIT

I, Charles D. Randall, Attorney at Law, depose and say:

1. That I was an Assistant Public Defender for the 27th Judicial District and represented the above named defendant in Cleveland County Superior Court in the above entitled cases, 76 CRS 6582 and 76 CRS 6585 and having a personal recollection of the event inquired about in the Order of the North Carolina Court of Appeals having been personally present at the time, I remember the following:

QUESTION:

THE COURT: Guilty as charged of speeding 66 miles per hour in a 55 miles per hour zone.

ANSWER:

I have no personal recollection as to the answer, if any.

QUESTION:

THE COURT: Guilty as charged of resisting an officer.

ANSWER:

THE FOREMAN: Yes (Remaining jurors answering Yes or nodding in the affirmative.)

This the 17th day of February, 1978.

(Verified)"

Also filed with the foregoing papers were certified copies of Minutes of the 25 and 26 April 1977 Session of the Superior Court of Cleveland County, showing that the jury returned verdicts of "Guilty As Charged" on both the speeding charge (76CRS6582) and the resisting arrest charge (76CRS6585).

Supplemental Briefs were filed by the defendant and the State. Thus, we have before us the issue of whether this Court may add the foregoing new matter to the record on appeal for the purpose of correcting contradiction in the original record on appeal.

Defendant takes the position that this Court is bound by the original record as certified citing *Smith v. Bottling Co.*, 221 N.C. 202, 19 S.E. 2d 626 (1942); *State v. Williams*, 280 N.C. 132, 184 S.E. 2d 875 (1971); *State v. Fields*, 279 N.C. 460, 183 S.E. 2d 666 (1971); *State v. Hickman*, 2 N.C. App. 627, 163 S.E. 2d 632 (1968). These cases and many others in this State have firmly established that principle of law.

There is at least one exception to this established rule of law. In *State v. Old*, 271 N.C. 341, 344, 156 S.E. 2d 756, 758 (1967), it is stated:

". . . However, if a case on appeal contains in material parts of the record proper such inconsistent and contradictory statements so that obviously if one material recital is correct, others therein equally material cannot be, then it becomes the duty of this Court, under its supervisory power, to remand the action to the Superior Court with directions that notice be given to counsel and parties, and after hear-

ing, to certify any corrections necessary to make the record conform to the facts. . . ."

This exception is recognized in other states which hold that, in a proper case, a remand of the appeal record for augmentation or correction lies within the discretion of the appellate court. 4A C.J.S. Appeal and Error, § 1124. An appellate court may make appropriate orders for the correction of the appeal record so as to make it conform to the record of the trial court. 24A C.J.S., Criminal Law, § 1780.

We find that the statement in the record on appeal that there was no answer to the questions asked by the trial judge in taking the verdicts of the jury is inconsistent with and contradictory to the recitals in the judgments entered by the trial court. This Court's order of remand to the trial court notified all parties of the issues involved, the parties had the opportunity for appearance and hearing on the issues, and the parties filed with this Court supplemental briefs on these new issues. We, therefore, add to the original record on appeal in this case before us the new matter certified to this Court as a part of the record on appeal.

We are aware of the reason and purpose behind the general rule that the appellate court is bound by the record agreed upon by the parties. Any amendment or addition to the record must be approached with care and caution. We do not advocate a policy of liberality in making or allowing amendments or additions to an agreed record on appeal. We have done so in the case *sub judice* only because of the obvious contradictions in the record which, in the interest of justice, needed to be corrected.

It is noted that neither the District Attorney nor the Assistant Public Defender who agreed to the record on appeal participated in the trial of the case. However, the inconsistency in the record on appeal relative to the jury return of the verdicts should have been obvious to both of them.

We think it appropriate to repeat the admonition to defense counsel which Justice (now Chief Justice) Sharp gave in *State v. Fields*, 279 N.C. 460, 183 S.E. 2d 666 (1971): "We also remind defense counsel that, as officers of the court, they have an equal duty to see that reporting errors are corrected. Their duty to a

client does not embrace the right to perpetuate and take advantage of such mistakes. . . ." 279 N.C. at 463, 183 S.E. 2d at 669.

Too, the admonition to solicitors (now District Attorneys) in *State v. Fox*, 277 N.C. 1, 28-29, 175 S.E. 2d 561, 578 (1970), is appropriate:

> "Although the primary duty of preparing and docketing a true and adequate transcript of the record and case on appeal in a criminal case rests upon defense counsel, G.S. § 1-282, G.S. § 15-180, it is the duty of the solicitor to scrutinize the copy which appellant serves upon him. If it contains omissions, errors, or misleading juxtapositions it is the solicitor's responsibility to file exceptions or a countercase within his allotted time. . . . This, of course, necessitates the expenditure of the time and effort required to make a careful and painstaking examination of it and to file exceptions or countercase if either is necessary to provide a correct record and a case on appeal which truly and intelligibly sets out the proceedings as they occurred. Only upon such a record can the Attorney General and the Appellate Division do justice to the State and to the defendant."

It should be noted that a jury may indicate its verdict by an affirmative nod rather than an oral answer to questioning by the court official who takes the verdict. *State v. Hampton*, 294 N.C. 242, 239 S.E. 2d 835 (1978). The court reporter during return of the verdict should be so situated as to both hear and see the jury. The court reporter in the trial court is an officer of the court and is under its control. It is the duty of the reporter to report the trials. G.S. 7A-95. The report (transcript) of the trial as prepared by the court reporter is not sacrosanct. The record on appeal is settled by the trial judge if the parties do not agree. The parties do not have to agree that the transcript of trial prepared by the court reporter is absolutely correct. If the parties do not agree, the record on appeal is settled by the trial judge. 1 Strong's N.C. Index, Appeal and Error, § 38.

Since the corrected record on appeal reveals that the jury returned verdicts of "guilty as charged" on both the speeding and resisting arrest charges, the verdicts clearly were sufficient to support the judgments. *State v. Lassiter*, 208 N.C. 251, 179 S.E. 891 (1935). The defendant's assignment of error is overruled.

We have carefully examined the defendant's other assignments of error and find them to be without merit.

No error.

Judges MORRIS and MITCHELL concur.