Overton Row Holdings, LLC v. CW Constr. & Dev., LLC, 2026 NCBC 49.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
22CVS013875-590

OVERTON ROW HOLDINGS, LLC, and
OVERTON ROW HOLDINGS, II, LLC,

        Plaintiffs,

v.

CW CONSTRUCTION &
DEVELOPMENT, LLC, CENTRAL
AVENUE CW, LLC, CENTRAL
AVENUE GP, LLC, KAPLAN
RESIDENTIAL, LLC, CENTRAL
AVENUE KAPLAN, LLC, MORRIS J.
KAPLAN COMMUNITIES, LLC,
MORRIS J. KAPLAN, ALL-IN
BUILDERS, LLC, CAPITAL CITY
STUCCO, INC., SUPERIOR MASONRY
UNLIMITED, INC., and AGA STUCCO,
LLC.

        Defendants.

**ORDER AND OPINION ON AGA
STUCCO, LLC'S MOTION FOR
SUMMARY JUDGMENT
AND ITS MOTION TO ACCEPT
LATE FILINGS AS TIMELY**

1. This matter is before the Court on (i) AGA Stucco, LLC's motion for summary judgment, (ECF No. 392), made pursuant to Rule 56 of the North Carolina Rules of Civil Procedure and (ii) AGA Stucco's motion for the Court to accept the late filing of its motion for summary judgment and supporting documents, (ECF No. 394), made pursuant to Rules 59 and 60.

2. Having considered the motions, the parties' submissions, the arguments of counsel, and all other appropriate matters of record, the Court hereby **DENIES** the motions for the reasons set forth below.

*Robinson Elliot & Smith, by Dorothy M. Gooding and William C. Robinson; Brooks, Pierce, McLendon & Leonard, LLP, by David Allen and Anna Majestro; Shumaker, Loop & Kendrick, LLP, by James Douglas Grimes; and Bartlett Loeb Hinds Thompson & Angelos by Allison Doucette, Ethan Loeb, Elliott P. Haney, Christina C. Dodds, Edward Colin Thompson, and Matthew Garnett, for Overton Row Holdings, LLC and Overton Row Holdings, II, LLC*

*Martineau King, PLLC, by Elizabeth A. Martineau and Ian Matthew Hobbs for AGA Stucco, LLC and Capital City Stucco, Inc.*

*Bishop, Dulaney, Joyner & Abner, PA, by Anthony T. Capitano, for CW Construction & Development, LLC*

*Seyfarth Shaw LLP, by Vincent Smolczynski, Robert Lafayette, Rebecca Woods, Connor Hutchins, Dana C. Lumsden, John W. Egan, and Sara Beiro Farabow; and Bradley Arant Boult Cummings LLP, by Robert R. Marcus for Kaplan Residential, LLC; Central Avenue CW; Central Avenue GP, LLC; Central Avenue Kaplan, LLC; Morris J. Kaplan Communities, LLC; and Morris J. Kaplan*

*Ross & Cristaldi, LLC by Scott H. Winograd for Superior Masonry Unlimited, Inc.*

*Hedrick Gardner Kincheloe & Garofalo, LLP, by Brian M. Williams, John Wright and Allison R. Carswell for All-In Builders, LLC*

*Richard Plowden & Robinson, P.A., by Hunter Weston Adams for I&J Framing, LLC, I&J Builders, LLC, and Ernestina Daniel-Villa*

*Cranfill Sumner LLP, by Russell M. Racine for Kasah Masonry, LLC*

Houston, Judge.

## I.  BACKGROUND

3.  This matter was filed on 25 August 2022 and reassigned to the undersigned Business Court judge on 28 August 2025. (ECF Nos. 1, 36). Shortly thereafter, the Court entered a Final Amended Case Management Order. (ECF No. 281).

4.  The Final Amended Case Management Order reminds counsel and the

parties that, as a case designated as exceptional pursuant to Rule 2.1 of the General Rules of Practice for the Superior and District Courts and assigned to a Business Court judge, "this action is now governed by the Business Court Rules," and "all filings in this case must be made twice: *first*, with the Business Court through its electronic filing system, pursuant to BCR 3.1, and *second*, with the Clerk of Superior Court of the county in which the case is pending, pursuant to BCR 3.11[.]" (ECF No. 281 at 2 & ¶ 2(a) (emphasis added)).

5.      Further, the Final Amended Case Management Order sets various case management deadlines, including a deadline for the filing of all post-discovery dispositive motions, requiring all parties "to file and serve a[ny] dispositive motion (including motions for summary judgment)" no later than "**21 May 2026**." (ECF No. 281, ¶ 5(d) (emphasis in original)).

6.      As explained in the publicly published *Quick-Reference Guide for the North Carolina Business Court's Electronic Filing System*, "the file size limit for an individual document is 110 MB," but "there is no file size limit for your total filing queue submission." *Quick Reference Guide* at 8, § 2.3.3 (Mar. 12, 2026). "If a document exceeds 110 MB, you will need to split the document into several smaller documents and upload each one into the filing queue." *Id.*; *see also* BCR 3.1 ("Instructions for filing documents through the Court's electronic-filing system are available on the Court's website.")

7.      Similarly, the file size limit for the statewide Odyssey electronic filing

system[1] used by the Mecklenburg County Clerk of Superior Court is 26.21 MB per filing, though "[t]here can be multiple filings within a single envelope (i.e., per submission)." *eCourts FAQs for Attorneys: eFiling* (June 13, 2023), https://www.nccourts.gov/assets/documents/publications/eCourts-FAQS-for-Attorneys-eFiling-20230613.pdf.

8.      On 21 May 2026, AGA Stucco filed its motion for summary judgment, , brief in support, and supporting exhibits, with the Mecklenburg County Clerk of Superior Court via the Odyssey electronic filing system between 5:31 and 5:42 pm ET. (Odyssey Index No. 433, 434).[2]

9.      AGA Stucco's attorneys did not attempt to begin filing the documents until approximately 4:00 pm ET and assert they were delayed in filing the documents prior to 5:00 pm ET because the files were unwittingly prepared larger than the size permitted by Odyssey. (ECF No. 394, ¶ 2). The delay was not attributable to any failure of the filing system and, as AGA Stucco's counsel and staff acknowledge, was purely based on counsel's own failure to ensure that exhibits were of an appropriate size to permit their filing. (*See generally* ECF No. 394, Aff. K. Cain & Aff. M. Hobbs).[3]

---

[1] The statewide filing system utilized by the Mecklenburg County Clerk of Superior Court is variously known as eFile, Odyssey, and Enterprise Justice, among other things. For clarity, the Court uses "Odyssey" in this Order and Opinion.

[2] The Court uses the phrase "Odyssey Index" to refer to the location of filings on the Odyssey filing system, while "ECF" is used to refer to the location of documents filed using the Business Court's Alpine/eFlex filing system.

[3] Reflective of ongoing failures to follow filing requirements in this case, AGA Stucco's motion and supporting documents are uploaded as a single PDF, failing to comply with the Court's requirement that attachments be uploaded as separate documents. Quick Reference Guide at 13, § 4.1.2 ("Each exhibit or supporting document should be uploaded as an attachment; that is, do not file multiple exhibits within a single file.").

10.     Because they were filed after 5:00 pm ET, those documents were deemed filed, and are currently docketed as having been filed, on 22 May 2026, even for Odyssey filing purposes—entirely separate and apart from Business Court filing requirements. *See* Gen. R. Pract. Super. & Dist. Cts. 5(b)(4)(b) ("If a document is due on a date certain, then the document must be filed by 5:00 p.m. Eastern Time on that date.").

11.     In addition to its belated filing with the Mecklenburg County Clerk of Superior Court, AGA Stucco simply failed to file, or even attempt to file, its motion, brief, or exhibits with the Business Court on the Business Court's separate electronic filing system, commonly known as "Alpine" or "eFlex."

12.     On 27 May 2026, nearly a week after belatedly filing its motion papers with the Mecklenburg County Clerk of Superior Court, AGA Stucco for the first time filed a motion for summary judgment, a brief, and certain supporting exhibits on Alpine. (ECF Nos. 392, 393, 393.1). Notably, however, the brief filed with the Court via the Alpine system was *not* AGA Stucco's brief in support of its motion for summary judgment. Rather, it was a refiling of *Capital City Stucco, Inc.'s* brief in support of its motion for summary judgment. (*See generally* ECF No. 393).[4]

13.     Thus, while the motion was filed with the Court effective 27 May 2026, six days after the deadline set by the Final Amended Case Management Order, (ECF No. 281, ¶ 5(d)), AGA Stucco still has not filed its supporting brief with the Court, and it is simply unclear if the exhibits attached to Capital City Stucco, Inc.'s brief are those

---

[4] Capital City Stucco is an entirely different party represented by the same attorneys in this action.

intended to be filed with AGA Stucco's brief or Capital City Stucco's brief.

14. Nonetheless, on 28 May 2026, AGA Stucco filed its motion to accept late filings, asking the Court to accept its motion for summary judgment and related filings as timely filed and citing as authority for its request Rules 59 and 60 of the Rules of Civil Procedure and Rules 7.10 and 7.11 of the Business Court Rules. (ECF No. 394 at 1).

15. Though the motion facially indicates that it was filed pursuant to Rules 59 and 60, at the time of the motion, the Court had not entered a judgment to be amended or set aside concerning the issue, nor had there been a trial of the action.

## II.   ANALYSIS

### A. <u>Motion for Summary Judgment</u>.

16. Rule 3.1 of the Business Court Rules provides that "all filings in the Court must be made electronically through the Court's electronic-filing system [i.e., Alpine/eFlex] beginning immediately upon designation of the action" to a Business Court judge. BCR 3.1; *KJET Ventures, LLC v. Jamison*, 2026 NCBC LEXIS 1, at *10–11 (N.C. Super. Ct. Jan. 6, 2026).

17. Further, "[i]f a document is due on a date certain, then the document must be filed by 5:00 p.m. Eastern Time on that date, unless the Court orders otherwise." BCR 3.6; *see also* N.C. R. Civ. P. 5(d) (setting 5:00 pm ET as the service deadline); Gen. R. Pract. Super. & Dist. Cts. 5(b)(4)(b) ("If a document is due on a date certain, then the document must be filed by 5:00 p.m. Eastern Time on that date."). This requirement applies to briefs and supporting material as well as motions. BCR 3.6;

BCR 7.11 ("Absent a showing of excusable neglect or as otherwise ordered by the Court, the failure to timely file a brief or supporting material waives a party's right to file the brief or supporting material."); *see also* N.C. R. Civ. P. 5(d).

18. Under Rule 7.1(c) of the Business Court Rules, "the Court has discretion to disregard or strike a filing that does not comply with these rules." BCR 7.1(c). The Court's authority includes the inherent authority to summarily deny such filings. *State v. Bellar*, 16 N.C. App. 339, 343 (1972) (discussing courts' inherent authority to strike improper filings); *Castillo v. RRD Fin., LLC*, 2025 NCBC LEXIS 114, at *10 (N.C. Super. Ct. Sept. 3, 2025) (striking and denying partial motion for judgment on the pleadings for failure to comply with Business Court Rules).

19. Moreover, "[u]nless listed in BCR 7.10, a motion must be accompanied by a brief. The Court has discretion to deny the motion summarily if a required brief is not filed." BCR 7.2.

20. Here, pursuant to the Final Amended Case Management Order, the parties' motions for summary judgment were required to be filed with the Court via its Alpine filing system no later than 21 May 2026. (ECF No. 281 at 2 & ¶¶ 2(a), 5(d)).

21. AGA Stucco's motion for summary judgment, brief, and supporting documents were not properly filed with the Court via its Alpine filing system by that deadline and were not otherwise filed in compliance with the Final Amended Case Management Order. Indeed, as of the date of this Order and Opinion, AGA Stucco still has not filed a brief in support of its motion with the Court, filing only Capital City Stucco's brief instead. BCR 7.1(c); BCR 7.2.

22. These are all sufficient bases on which to deny, strike, or otherwise disregard the filing.

23. Accordingly, in the exercise of judicial discretion, the Court **DENIES** AGA Stucco's motion for summary judgment.

B. **Motion to Accept Late Filings as Timely.**

24. To the extent that AGA Stucco requests that the Court deem the motion for summary judgment, brief, and supporting documents timely filed, there is no brief in support of AGA Stucco's motion for summary judgment, such that the motion for summary judgment would still be properly denied under Rule 7.2 of the Business Court Rules, as explained above, even if all of the documents were deemed timely filed. *See* BCR 7.2.

25. Moreover, even considering the motion for relief on the merits, there is simply no basis for the motion under Rules 59 and 60 of the North Carolina Rules of Civil Procedure. AGA Stucco does not request that the Court amend or set aside any existing order, nor has there been a trial that might properly be the subject of a motion under either Rule. *See* N.C. R. Civ. P. 59 (addressing new trials and amendment of judgments); N.C. R. Civ. P. 60 (addressing relief from judgments or orders).[5]

26. While AGA Stucco's counsel imply that they were unaware of the requirement "to parallel file" documents with the Business Court and the

---

[5] Even if the Court were to construe the motion as one made under Rule 6(b) of the North Carolina Rules of Civil Procedure for an enlargement of time after expiration of the specified period on the basis of "excusable neglect," in its discretion, the Court would reach the same ultimate determinations in this Order and Opinion and would deny the request.

Mecklenburg County Clerk of Superior Court utilizing separate electronic filing platforms, (ECF No. 394, ¶ 5), this statement is not credible, and the record directly contradicts this suggestion.

27. Specifically, the same attorneys filed a motion, brief in support, and supporting exhibits *with the Business Court* on 21 May 2026 on behalf of Capital City Stucco, (ECF Nos. 351, 352, 358, 358.1–358.15), before filing the brief in support (twice) and supporting documents with the Mecklenburg County Clerk of Superior Court via Odyssey effective 22 May 2026, (Odyssey Index Nos. 437, 438, 439).[6]

28. Moreover, the Final Amended Case Management Order expressly set out the applicable filing requirements. (*See* ECF No. 281 at 2 & ¶¶ 2(a), 5(d)).

29. Ultimately, AGA Stucco has failed to justify its failure to file its summary judgment motion with the Court via Alpine until six days after the deadline and has similarly failed to justify permitting the belated filing of a brief on behalf of AGA Stucco, particularly when it still has not filed a brief on behalf of that entity.

30. Even if the filings with the Mecklenburg County Clerk of Superior Court were the operative documents, AGA Stucco has offered no explanation why the Court

---

[6] The documents were actually submitted for filing on Odyssey after 5:00 pm ET on 21 May 2026. As a result, they were deemed filed (and listed on the docket as filed) on 22 May 2026. BCR 3.6; Gen. R. Practice Super. & Dist. Cts. 5(b)(4)(b) ("If a document is due on a date certain, then the document must be filed by 5:00 p.m. Eastern Time on that date."). The Court notes that, while one of the docket entries on Odyssey indicates that it is a "Motion for Summary Judgment," the underlying document is not a motion. Rather, Capital City filed two copies of "Capital City Stucco, Inc.'s Memorandum of Law in Support of Its Motion for Summary Judgment." (*Compare* Odyssey Index No. 437, *with* Index No. 438). Minor filing errors happen. However, persistent systemic and substantive errors, such as repeatedly filing the wrong documents on behalf of the wrong parties, reflect inadequate training on the Court's filing systems, an inexcusable inattention to filing details, or both.

should consider them timely filed since they were filed after 5:00 pm ET. Gen. R. Practice Super. & Dist. Cts. 5(b)(4)(b) ("If a document is due on a date certain, then the document must be filed by 5:00 p.m. Eastern Time on that date."); BCR 3.6.

31. Thus, the Court determines in its discretion that it is appropriate to **DENY** the motion to the extent it is made under Rules 59 and 60 of the North Carolina Rules of Civil Procedure.

32. Further, to the extent that AGA Stucco's motion is brought pursuant to Rule 7.10 and 7.11 of the Business Court Rules, those Rules also do not justify the relief requested.

33. Rule 7.10 of the Business Court Rules simply identifies the motions that may be filed without a supporting brief. *See generally* BCR 7.10. Neither motions for relief brought under Rule 59 and 60 of the North Carolina Rules of Civil Procedure nor motions brought pursuant to Rule 7.11 of the Business Court Rules are included within that Rule. *See generally* BCR 7.10.

34. Rule 7.11 of the Business Court Rules provides that, "[a]bsent a showing of excusable neglect or as otherwise ordered by the Court, the failure to timely file a brief or supporting material waives a party's right to file the brief or supporting material." BCR 7.11.

35. While this Rule could potentially be used to justify AGA Stucco's failure to timely file its supporting brief with the Court via Alpine (which it still has not done), by its plain language, it is limited to "a brief or supporting material" and does not

provide a basis on which to excuse AGA Stucco's failure to timely file its *motion*. BCR 7.11; (*see* ECF Nos. 392, 393, 393.1).

36. The problem here was not with the Odyssey filing system, the Alpine filing system, or any other filing system—the type of issue that might reasonably warrant relief in the Court's discretion.

37. Rather, the problem is and was AGA Stucco's counsel's decision to wait until the last minute to file on Odyssey and their failure to file on Alpine for at least six days thereafter (or, in the case of AGA Stucco's supporting brief, at all).

38. The Court, in the exercise of its discretion, determines that AGA Stucco has failed to meet its burden to demonstrate that relief is warranted under the bases set forth in the motion to deem the filing timely and that it is appropriate to **DENY** that motion to the extent that it is brought pursuant to Rules 7.10 and 7.11 of the Business Court Rules.

### III.    CONCLUSION

39. Accordingly, the Court **DENIES** AGA Stucco's motions, (ECF Nos. 392 and 394), as set forth above.

**SO ORDERED**, this 2nd day of June 2026.

/s/ Matthew T. Houston

Matthew T. Houston
Special Superior Court Judge
 for Complex Business Cases